RACHAL ET AL.
*vs.*
RACHAL'S HEIRS
ET AL.

As assignee, a party cannot avail himself of any fraud or collusion between the assignor and the debtor against whom he seeks to enforce his claim.

—————

RACHAL ET AL. *vs.* RACHAL'S HEIRS ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF
NATCHITOCHES.

The tutrix cannot maintain an action of partition for the share of her pupil, without the advice of a family meeting, together with the special authorization of the judge.

Co-heirs have an undivided interest in the property of the ancestor, which indivision, the action of partition destroys, vests in each his share, and extinguishes his right to the rest.

But where the property of an estate is converted into cash, there is no necessity for a partition, it is a matter of division; and each heir can demand the payment of his share.

The wife is deprived of her tutorship *ipso facto*, if she marries again without having provoked a family meeting. This is an affirmative pregnant with the negative, that her marriage after provoking a family meeting, does not deprive her of the tutorship, even if the proceedings are not homologated.

WESTERN DIST.
October, 1836.

RACHAL ET AL.
*vs.*
RACHAL'S HEIRS
ET AL.

This is an action instituted by the natural tutrix of a minor child, to recover its portion of its grandfather's succession, which is in the hands of the administrator.

The plaintiff alleges, that her minor daughter is entitled, by representation of her deceased husband, to one seventh part of the succession of her husband's father, now in the hands of the administrator, in money. That as natural tutrix of her said minor, she has a right to call on the administrator for its share, and to claim the portion coming to her ward, contradictorily with the other heirs. She prays that they be cited, together with the administrator, and that the latter be required to render an account, that a partition be made, and that she have judgment for the amount due to her said ward.

The defendants pleaded a general denial, and denied specially the plaintiff's quality as natural tutrix, because, as they aver, she was not on her second marriage maintained in the tutorship of her minor daughter. They further averred, that the plaintiff's quality as tutrix is now at issue in a suit between the under tutor and her; that the under tutor is the only person who, by law, may bring a suit for the removal of the tutrix, and in contemplation of law must be considered the defendant's representative in that suit, and that the plaintiff cannot institute this suit.

The administrator of the estate of Rachal, père, filed a tableau of division, which showed the sum of fifteen thousand two hundred and sixty-eight dollars in his hands, and the share of each heir to be two thousand one hundred and eighty-one dollars.

WESTERN DIST.
October, 1836.

RACHAL ET AL.
vs.
RACHAL'S HEIRS
ET AL.

The plaintiff offered in evidence the *procès verbal* of a family meeting, maintaining her in the tutorship of her children on her second marriage. These proceedings had not been homologated. After the commencement of this suit in a petition to the judge, an order homologating them was entered.

Upon these pleadings and evidence, the cause was submitted to the judge of probates, who gave judgment for the defendants.

The plaintiff moved for, and obtained a new trial.

The defendants then had leave to file a peremptory exception, alleging that the plaintiff was not authorized to bring this action by the advice and consent of a family meeting, and the approbation of the judge, as required by law. The counsel for the plaintiff objected to filing this exception, on the ground that it came too late, and if pleaded at all, should have been pleaded *in limine litis*. The court was of opinion that it was a peremptory exception founded in law, and should be allowed. The opinion of the court was excepted to.

The judge of probates gave judgment of non-suit on this exception, from which the plaintiff appealed.

*Gayoso*, for the plaintiff.

1. The tutrix is the proper person to institute this suit, and to obtain for her ward the share coming from the succession of Rachal, deceased.

2. It has been objected that the plaintiff in her second marriage, lost her right to the tutorship of her minor daughter; on the contrary, she was confirmed in her office by the advice of a family meeting.

3. The judgment of non-suit first rendered having been set aside, the cause should have been tried on its merits. The exception put in, denying the tutrix's right to sue, because not authorized by the judge upon the advice of a family meeting, came too late. The defendant is bound to plead in his answer, all the dilatory or peremptory exceptions on

which he intends to rely. This he has not done. *Code of Practice, articles* 330–336.

WESTERN DIST.
October, 1836.

RACHAL ET AL.
*vs.*
RACHAL'S HEIRS
ET AL.

*Dunbar*, for defendant.

1. This case stands on a peremptory exception put in by the defendants, denying the plaintiff's right as tutrix to sue for a partition, without the express authorization of the judge, with the advice of a family meeting; this she has not obtained, and without it cannot maintain her action. *Louisiana Code*, 1235.

2. This is a peremptory exception going to extinguish the action, and can be pleaded at any stage of the proceedings. 4 *Martin, N. S.*, 434.

3. The party may amend his answer and add to it new exceptions, provided they are not dilatory ones. *Code of Practice, article* 420. 7 *Louisiana Reports*, 94.

*Winn*, for the plaintiff in reply.

1. The defendant having joined issue on the merits, cannot afterwards except to the plaintiff's capacity to sue. This is waived. The plea of the defendant is nothing more than the general issue. The exception denying her authority to maintain an action of partition, should have been specially pleaded *in limine litis*. 2 *Martin, N. S.*, 389.

2. This is not a peremptory exception, but a dilatory or declinatory one, relating to the forms of proceeding, and came too late. *Code of Practice, article* 330, *et seq.* 7 *Louisiana Reports*, 265.

3. This is a suit requiring the administrator to account and pay over the share coming to the minor, represented by the plaintiff; she has an undoubted right to maintain her action on this trance of the subject.

*Martin, J.* delivered the opinion of the court.

This is an action by the plaintiff, as natural tutrix of her minor daughter, against the co-heirs and the administrator of the ancestor's estate. The estate is alleged to have been administered, reduced into cash, and forms a gross sum in

WESTERN DIST.
*October*, 1836.

RACHAL ET AL.
*vs.*
RACHAL'S HEIRS
ET AL.

the hands of the administrator. He is called upon to produce his accounts, and judgment is sought for the share of the minor in the balance.

The defendants denied that the wife had been legally maintained in her tutorship on her second marriage. This plea was sustained, and judgment rendered in favor of the defendants. The plaintiff obtained a new trial.

The defendants then, with leave of the court, filed a plea alleging, that the plaintiff could not maintain an action of partition, without its having been recommended by the advice of a family meeting, and the special authorization of the judge.

The tutrix cannot maintain an action of partition for the share of her pupil without the advice of a family meeting, together with the special authorization of the judge.

This plea was sustained, and judgment rendered in favor of the defendants, as in case of a non-suit; from which the plaintiff appealed.

We will proceed to examine the last plea first, which relates to the right of the plaintiff to maintain the action of partition.

Co-heirs have an undivided interest in the property of the ancestor, which indivision the action of partition destroys, vests in each his share, and extinguishes his right to the rest.

But where the property of an estate is converted into cash, there is no necessity for a partition; it is a matter of division, and each heir can demand the payment of his share.

It is true the petition concludes with a prayer for the partition of the estate of the common ancestor, and if the succession consisted of any other things than money, the plea would be good. But it is averred that it consists of a sum of money in the hands of the administrator. Co-heirs have an undivided interest in each and every part of the property of the ancestor. The object of a partition is to destroy that indivision, by vesting in each the exclusive property of that part of the estate which falls to his share, and of extinguishing his right to the rest. If a sum of money, the joint property of two persons, be in the hands of a third, there is no necessity for a partition; each may demand the payment of half of it. A *sum* of money is an ideal or incorporeal thing, which is not susceptible of actual partition, but it is of division. The court therefore erred in sustaining the plea and giving judgment, as in case of non-suit.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed, and this plea overruled.

Proceeding to give such a judgment, as in our opinion <span>WESTERN DIST.</span> ought to have been given in the court below, our attention <span>*October*, 1836.</span> is called to the first plea of the defendants. It appears that <span>RACHAL ET AL.</span> the plaintiff, before her second marriage, provoked a family <span>*vs.*<br>RACHAL'S HEIRS</span> meeting, and was maintained by it in the tutorship of her <span>ET AL.</span> minor daughter, but this court has been unable to find the evidence of the homologation of the proceedings of this family meeting on the record.

The Louisiana Code provides that the tutrix shall be <span>The wife is</span> deprived of her tutorship *ipso facto*, if she marries without <span>deprived of her<br>tutorship, *ipso*</span> having provoked a family meeting to retain her in the tutor- <span>*facto*, if she mar-<br>ries again with-</span> ship. This is an affirmative pregnant with a negative, that <span>out having pro-</span> her marriage, after she has provoked a family meeting, does <span>voked a family<br>meeting. This</span> not deprive her of the tutorship. If the family meeting <span>is an affirmative<br>pregnant with</span> maintains her in the tutorship, and the judge homologates <span>the negative,</span> the proceedings, it is clear that her right to the tutorship <span>that her mar-<br>riage, after pro-</span> will not be impaired by the marriage. If the meeting <span>voking a family<br>meeting, does</span> declines to retain her in office, it is equally clear that this <span>not deprive her<br>of the tutorship,</span> circumstance will authorize her destitution. But perhaps <span>even if the pro-</span> this destitution must be pronounced contradictorily, because <span>ceedings are not<br>homologated.</span> the law has not said that it shall take place *ipso facto*, as in case of her neglect to call a family meeting.

It is, therefore, ordered, adjudged and decreed, that the first plea of the defendants be overruled, and the case be remanded for further proceedings according to law; the costs of the appeal to be paid by the defendants.