EASTERN DIST.
January, 1839.

HUTCHISS,
TUTOR, ETC.
vs.
DODD ET AL.

---

## HUTCHISS, TUTOR, ETC. vs. DODD ET AL.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF WEST BATON ROUGE.

The sale of an estate inherited by minor heirs, may be made below the price of the appraisement, in order to pay the debts of the ancestor.

But when *such* sale is not provoked by any creditor, and it is not shown to be necessary for the payment of debts, but that it was made principally to effect a partition, it is null and may be set aside.

This is an action instituted by the plaintiff as tutor of the minor children of James Hackett, deceased, to annul a sale of the property of his succession, on the ground that it was made below the appraised value.

He shows, that in pursuance of the advice of a family

meeting, and an order of the Court of Probates, the planta- <span>EASTERN DIST.</span>
tion and lands of the late James Hackett were appraised at <span>January, 1859.</span>
the sum of eighteen thousand dollars, and offered for sale in <span>HUTCHISS,</span>
two divisions or lots; and that the defendant, Dodd, pur- <span>TUTOR, ETC.</span>
chased one of said lots, for eleven thousand one hundred and <span>vs.</span>
forty dollars, and F. Duplantier, the other, for four thousand <span>DODD, ET AL.</span>
eight hundred and ninety-five dollars, making an aggregate
of sixteen thousand and thirty-five dollars, and falling short
of the appraised value. He prays that said sale be annulled,
and the property resold according to law.

The family meeting declared, " that in order to pay the
debts, and for the best interests of the minors, the property
should be sold, etc."

The land, consisting of a sugar plantation, fronting on the
Mississippi river, was divided into divisions or lots, and put up
at public sale, when the defendants became purchasers at less
than the appraised value.

The plaintiff insisted, that the parish judge should proceed
to a resale of the property according to law, which was
refused. He then instituted the present suit, to set aside the
first sale, as illegal and null.

The judge of probates decided these sales were good, and
from judgment maintaining them, the plaintiff appealed.

*Labauve*, for the plaintiff and appellant.

*Martin, J.*, delivered the opinion of the court.

The plaintiff complains of a judgment which sustains a
sale of the land of the minors whose tutor he is, and which
he sought to set aside, on the ground that it was illegally
made below the price of the appraisement. The court sus-
tained the sale, because it was made with the advice of a <span>The sale of an estate inherited</span>
family meeting, for the purpose of paying the debts of the <span>by minor heirs, may be made be-</span>
minors' ancestor, and to effect a partition. <span>low the price of</span>

It appears to us, the judge of probates was in error. It is <span>the appraise-ment, in order</span>
true that when creditors sue for their debts, and procure a <span>to pay the debts of the ancestor.</span>
sale of the estate for their payment, the land may be sold as <span>But when *such* sale is not pro-</span>
in other cases, although minors may be interested therein ; <span>voked by any</span>

because the minors, at best, have but a residuary interest in the estate, which can be ascertained only by a full administration.   8 *Louisiana Reports*, 412.

In the present case, the sale was not provoked by any creditor, and it does not appear from the record that the sale was necessary for the payment of debts, for which creditors were pressing, but principally for a partition.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed, and that the sale to the defendants, of the lands of the minors, be annulled and set aside, and that the property be resold according to law ; the defendants paying costs in both courts.