PIPKIN *vs.* THOMPSON.

PIPKIN
*vs.*
THOMPSON.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE SECOND PRESIDING.

A sale to effect a partition is null, if the formalities required by law are not complied with.

The plaintiff is the daughter of Thomas B. Pipkin, deceased, who died intestate, in December, 1819, leaving a tract of four arpents of land on the Mississippi, as part of the community of acquests and gains. The survivors are the widow, and a son and daughter. In January, 1821, the widow petitioned the Probate Court to convoke a family meeting to deliberate on the propriety of liquidating and partitioning the succession of the deceased.

A family meeting was called, consisting of the tutrix and friends of the minors, without the presence of the under tutor, and advised the sale of the community property, and fixed the terms. The tract of land in question was adjudicated to the surviving widow, without appraisement, at five hundred dollars; being less, by one half, than the price of estimation in the inventory. She sold to the defendant, Thompson.

The plaintiff claims one-fourth in her own right, and three-fourths in right of her deceased brother; alleging that the probate sale to her mother was null.

The defendant set up title and cited in the widow Pipkin as his warrantor. She appeared and claimed title under the probate sale.

There was judgment for the plaintiff against the defendant for one arpent, and in his favor over against his warrantor for the value of the eviction. The defendant alone appealed.

*Edwards,* for the plaintiff.

*Labauve,* contra.

*Martin, J.,* delivered the opinion of the court.

This is a petitory action in which the plaintiff had judgment against the defendant, and he against his warrantors. He appealed and cited the plaintiff alone. The warrantors have followed the defendant to this court, and pray for the reversal of the judgment.

EASTERN DIST.
January, 1840.

PIPKIN
vs.
THOMPSON.

The record shows that the plaintiff's father left, at his death, a tract of land, four arpents in front, which he had acquired during marriage with his surviving wife. The defendant claimed title under a sale from the widow, to whom it was adjudicated at the probate sale of the succession of the deceased; so that the question turns on the legality or validity of this sale. It was provoked by her petition to the judge of probates, stating the necessity of a partition and liquidation of the succession, and concluding with a prayer that a family meeting be convoked, to fix the terms and conditions of the sale of the property. The meeting recommended the sale and fixed the terms.

It appears to us that the verdict and judgment in this case are correct. The sale was evidently made for a partition, for it is not shown that it was required for the payment of the debts of the succession. None of the formalities required in an action of partition by licitation were complied with. There was no inventory and appraisement made within the year. *Louisiana Code,* 1248. It was neither alleged or shown that the property was indivisible by its nature, or could not be conveniently divided. The defendant did not, therefore, acquire that portion of the premises which descended to the plaintiff at the death of her father, to wit: one arpent. The widow and the plaintiff's brother were entitled to the remaining three arpents.

The defendant has relied on the plea of prescription, but the plaintiff has shown that she was not of age at the inception of the suit.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.