## No. 10,095.

### SUCCESSION OF MRS. B. E. DUMESTRE.

Although a purchaser may be protected by the order of a court directing a sale in a matter over which it has jurisdiction, yet he has the right to inquire into the validity of the proceedings and conducive to the order of sale, to ascertain whether, under the showing made, the court had the power to make the order.

His refusal to comply with the adjudication may be justified whenever the order of sale and the proceedings instituted to procure it are on the face of the papers unwarranted by law.

An order of sale of the entire property of a succession, inherited by minor and major heirs, to pay the debts and to settle the claims and interest of the latter, can be assimilated neither to a sale asked by an administrator, nor to one to effect a partition, nor to one of minor's property.

No more can a tutor administering a succession than an administrator ask and obtain the sale of more property than is necessary to pay the debts.

A tutor can undertake the settlement of a succession only when it accrues exclusively his wards.

A judgment to operate a partition by sale can be validly rendered only on proof that the property cannot be conveniently divided in kind.

Property belonging exclusively to minors can be ordered to be sold only on compliance with the requirements of the law on the subject.

A court having probate jurisdiction has no power to order the sale of *all* the property of a succession, inherited by minor and major heirs, at the instance of the tutor, with the consent of the latter, to pay debts which hardly amount to two-fifths of the estimated value of the property and to settle the interest of the major heirs.

Enough property must first be sold to pay the debts, and the residue accruing to such heirs may *then* form the object of a partition, in kind, or by sale, on proper proceedings and proof.

In such case a court cannot decree the partition by sale, unless, on proof, that the property cannot be conveniently divided in kind.

An order of court for the sale of succession property, which is not justified by the face of the papers, is illegal and can be successfully resisted by an adjudicatee refusing compliance with his bid on property offered for sale.

An adjudicatee cannot be compelled to accept a title tendered under such circumstances, and has a right to demand reimbursement of the cash paid by him to the auctioneer at the moment of adjudication.

APPEAL from the Civil District Court, Parish of Orleans.
*Voorhies,* J.

*B. C. Elliott* for Plaintiff and Appellee:

I.

A purchaser at a probate sale, which is a judicial sale, is not bound to look beyond the decree and the jurisdiction of the court. Hennen's Digest, p. 1494.

II.

A valid and indefeasible title is given by a sale ordered by a competent court on the petition of a tutor administering a succession, acting under the advice and direction of a family meeting, the object of the sale being to pay the debts of the succession. The major heirs, who are also creditors of the deceased, joining in the petition for a sale. Nesom vs, Weiss, 34 Ann. 1004.

*James Timony* for Defendant and Appellant:

1. A purchaser at a public sale is not bound to comply with the adjudication when the title is clouded with doubts and dangerous complications.

2. The tutor's acts, even when sanctioned with advice and counsel of a family meeting, are only valid when in conformity with the law.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The question presented is: Whether the adjudicatee of certain property belonging to this succession shall be *compelled* to comply with his bid.

The ground of resistance is, that the proceeding by which the order of sale was obtained and the order itself are unwarranted, and, as such, null, and that, therefore, no title has passed to the adjudicatee.

Mrs. Dumestre died leaving minor and major heirs and owning property inventoried at $24,000. She was indebted to third parties in about $6000, and, it is alleged, to her major heirs some $4000.

A dative tutor was appointed to the minor children and he was relieved from furnishing security.

He undertook the settlement of the succession and, to that end, doing that which an administrator could have done and even more, he presented a petition alleging the debts and that, for the purpose of paying them and settling with the major heirs, the whole or part of the property ought to be sold.

A family meeting was called and fixed the terms of the sale, and the heirs of age assented.

*By the same order,* the deliberations were homologated and the entire property was ordered to be sold.

It was offered and realized $21,746, part being withdrawn.

It is apparent, from this condition of things, that the sale was asked either exclusively to pay debts, or also to effect a partition.

If it was to pay debts aggregating at most $10,000, there was no necessity, no propriety, no authority, to order the sale of $24,000 worth of property, and the order must be deemed *ultra vires* of the court.

If the sale was ordered to effect a partition, besides, the forms of law have not been observed and the order is likewise a nullity.

So that, in either case, the order of sale was unwarranted and the execution of it has not stripped the minors of their undivided share therein, Forcing the adjudicatee to comply with her bid is to compel her to give her money for property to which a voidable or doubtful title is tendered.

The safest test for the validity of the sale is to ascertain the precise nature or character of the proceedings which provoked it.

They were designed either to obtain the sale of the succession property to pay the debts, or to effect a partition, or the sale of minor's property as an act of tutorship.

If intended to pay debts, they must be controlled by the law and the jurisprudence on that subject, and could ignore the heirs.

If intended to operate a partition, they should be conducted under the provisions of the code in that respect.

If intended to accomplish a sale of minor's property, and only in that case, the should comply with provisions Arts. 339 *et seq.*, R. C. C..

(a) Tested by the fundamental allegation of the petition, which is that the sale was necessary to pay the debts of the succession, the conclusion is warranted that the object in view was to pay debts, by the *tutor administering* the succession. In such case, the sale could not be sustained, as they were two heirs of age, and the tutor could not control the succession as an entity; for it is well established, that a tutor can *ex-officio* administer a succession only where it accrues *exclusively* to his wards.

(b) If the proceedings are to be treated as contemplating a partition, it is apparent that the minors, for whom the law accepts a succession under benefit of inventory, had *then* no standing, for the plain reason, that the succession was not liquidated, was burdened with debts, and the property could be the object of a partition only after such liquidation had been effected.

(c) If the tutor proposed to make a sale under Arts. 339 *et seq.*, R. C. C., he is denied that right, as the minors were not then the sole or exclusive owners of the property, to which they had only an undivided share, the value of which could not be ascertained before a

complete administration and liquidation of the succession. Richard vs. Denee, 11 R. 518.

It will not do to say that a purchaser has no right to look beyond the decree ordering the sale, when it is rendered by a competent court, for it is settled that he must look not only to the jurisdiction of the court, but also inquire into the *power* of the court to make the order of sale.

When he discovers, on the face of the proceedings, at least those conducive to the sale and which serve as a foundation for the order of sale, illegalities calculated to throw a cloud on the title tendered, he may successfully refuse compliance with the adjudication.

If he were to be held protected by the *mere* order, then he could be *forced* to take title to the property of minors, ordered to be sold without the consent of a family meeting, or without any previous appraisement, or without any reason being assigned to justify the sale. R. C. C. 340.

Surely such is not the law.

There is no precedent to show that a purchaser ever was compelled to take a title under such circumstances.

In the case of the Succession of Gassen vs. Palfrey, 9 Ann. 560, in which a purchaser had refused to comply and was relieved, the Court substantially said:

There is yet for him a *locus pœnitentia* and the presumption *omne rite acta*, etc., created for his protection, cannot estop him, though it be available to throw on him the burden of proof. He can always successfully resist, when the title tendered is, if not void, at least voidable.

In the case of McCulloch vs. Holmes, N. R., No. 4672, decided in 1857, O. B. 27, fol. 240, and alluded to in McCulloch vs. Weaver, 14 Ann. 33, in which the Court had ordered the sale of property belonging to minor and major heirs on an *ex parte* proceeding and without a formal judgment of partition, a purchaser was relieved from compliance with his bid on property at the sale.

It is true that there were exceptions in the case which had not been disposed of before the order of sale had been rendered.

In the case in 14 Ann. 33, just mentioned, an adjudicatee, at the same sale, under the same order, was quieted in a suit brought by the administrator to annul the sale, and this because he had gone into possession and his title could be subsequently ratified.

In the present case, the adjudicatee is not attacking the order of sale *collaterally*. He charges its nullity on its face, because the petition

and the deliberations of the family meeting, which form part of it expressly, do not justify the order. His objections are founded on the proceedings on their face.

The court, no doubt, had jurisdiction over the succession and over the minors. It had authority to order the sale of part of the property to pay the debts, but it had none to order the sale of the *entire* property, as it did.

Property sufficient to pay the debts, even what is said to be due the major heirs, ought to have been *first* ordered to be sold, and this once done, the rest of the property would have remained unincumbered, the common property of the heirs, who, if unwilling to hold in indivision, might then have asked a partition, either in kind or by licitation.

Before ordering a sale of property held in common by minors with majors, the Court must be satisfied, either by the reports of experts, or by satisfactory evidence, that the property cannot be divided in kind, for it is the policy of the law, in its jealousy for the protection of minors, that they should rather own real estate than that they should have money or securities, which would be by their nature more imperilled than if invested in such property.

There is nothing to show, in these proceedings, not even an obligation, either in the petition or in the proces verbal of the deliberations of the family meeting, that the property cannot be divided in kind, conveniently, among the heirs.

It is well observed by the judicious counsel for the resisting purchaser: " If the method pursued in this case be legal, all the safeguards thrown around the interest of minors by the forms prescribed are utterly useless."

The proceedings leading to the order of sale have none of the features of a partition, although it was one in disguise, intended to operate as such; but even if it was regular in its form, the absence of proof of the impossibility of convenient division in kind would not have justified the judgment of sale.

Under the circumstances, the purchaser cannot be *compelled* to take the title offered.

The adjudicatee has prayed that the amount deposited by her with auctioneer be returned to her. She is clearly entitled to have it back.

It is therefore ordered and decreed that the judgment appealed from be reversed, and it is now ordered and decreed that the rule herein taken to compel compliance with the adjudication be discharged

and that the defendant therein recover the amount deposited by her with the auctioneer, namely: Six hundred and twenty-two dollars and fifty cents ($622.50) and costs in both courts.

Rehearing refused.

### DISSENTING OPINION.

FENNER, J.   The decedent, Mrs. Dumestre, left, as her sole heirs, ten children, two of whom were majors and the other eight minors.

Arthur Gastinel having been recommended by a family meeting as dative tutor of the minors, presented a petition praying for an inventory of all the property of said minors, which was ordered accordingly.

Their property consisted exclusively of their interest in the estate of their deceased mother, and the inventory embraced all the property of said deceased.

After filing and homologation of the inventory, Gastinel was duly appointed and qualified as dative tutor.

He thereupon presented a petition to the court, solely in his capacity as tutor, representing " that the inventory shows that the property of the minors consists in the main of real estate, in which their co-heirs (the two major children) have an undivided interest; that besides the minors' mortgage of $15,204.32, there are other debts due by deceased amounting to upwards of $6000 that it is necessary to sell the whole or a part of said estate in order to pay the debts of deceased and settle the claims and interest of the major heirs ; that as to the terms of sale and other matters, he desires the advice of a family meeting," etc.   A family meeting was accordingly ordered and held, which, with the approval of the under-tutor, recommended the sale of all the property at public auction on the terms therein fixed.

The proceedings of the family meeting were presented to and duly homologated by the judge, and the tutor prayed for an order of sale in conformity therewith, which prayer was, in writing, concurred in by the two major heirs.   Thereupon the judge made his order as follows :   " In accordance with the advice of the family meeting and the concurrence of the major heirs herein, let the entire property of the succession of Mrs. B. E. Dumestre be sold," etc.

The sale was accordingly made and Mrs. Delia Joyce became the adjudicatee of part of the property.   She declined to accept the title and to comply with the terms of the adjudication, and her present appeal is taken from a judgment ordering her to comply.

Her objection is based on the allegation contained in the petition for

sale that it is necessary "in order to pay the debts of the deceased *to settle the claims and interest of the major heirs.*" They contend that the latter clause converts the proceeding into a partition sale, and that, as such, it is null and void for want of compliance with the requirements of the law in the conduct of partition proceedings.

Her apprehensions as to the defectiveness of the title tendered are in my opinion groundless.

This is not an administrator's sale as to which it is settled that an administrator has no right to provoke a sale for the mere purpose of effecting a partition between heirs, when there is no necessity therefor for the payment of debts. Hebert vs. Hebert, 22 Ann. 309; Hotchkiss vs. Dodd, 13 La. 86; Pipkin vs. Thompson, 14 La. 272; Bank vs. Delery, 2 Ann. 648; Succession Morgan, 12 Ann. 153; Monition of Dickson, 6 Ann.

Even if it were an administrator's sale, however, it might find protection under the doctrine of a recent case in which we held that where the petition alleged a necessity for the sale in order to pay debts it would not be invalidated because accompanied by a further suggestion as to its necessity also for settlement between the heirs. Nesom vs. Weis, 34 Ann. 1004; see also succession of Weber, 16 Ann. 420.

But, as said before, this is not an administrator's sale. The tutor has not acted as administrator, either actual or constructive. As his wards were not the sole heirs, he could not have authority to assume administration of the whole succession. He has scrupulously confined his official action within the limits of his authority as tutor, extending it only to the interest of the minors. While the sale of the remaining interest is expressly based, both by himself and the judge, upon the concurrence of the major heirs.

Who, then, can assail the title tendered to appellant? Not the creditors for whose payment the sale is expressly made. Certainly not the major heirs, who are *sui juris* and have joined in provoking the sale.

We have, then, only to consider whether the sale is binding as divesting the interest of the minors.

Of this there can be no doubt. The proceedings comply strictly with every requirement imposed by the law for a valid sale of minors, property. These requirements are prescribed by Articles 339, 340, 341 and 342 of the Civil Code, and are, substantially, as follows:

1. That a family meeting shall advise the sale as advantageous to the minors. This has been done

2. That the judge should, on consideration, approve the advice of

37

the family meeting, and fix the terms and other conditions of the sale. This he has done.

3. That the sale should be made at public auction after due advertisement. This was fully complied with.

4. That the property should not be sold for less than the appraised value as shown in the inventory. The price here was considerably larger than the appraisement. There are no other requirements prescribed by law, and, these being complied with, the minors are fully concluded.

Under such proceedings the minors' undivided interest in the property might have been validly sold separately. The advantage derived by the minors from a sale of the whole property, under the consent of the major heirs, is evident.

Neither appellant nor we, under her appeal, are concerned with the reasons of the family meeting for advising the sale, or of the judge for approving them and ordering it. It is sufficient that the family meeting, the tutor, the under-tutor and the judge have, in the exercise of the discretion vested in them by law, concurred in the sale, and that it has been made in compliance with all legal requirements.

Even considering this as a proceeding for partition, a close study of the codal provisions on that subject reveals no valid objection to the sale here made. The sale is not a partition, but only a step preliminary thereto, and the actual partition and the proceedings in reference thereto take place upon the proceeds, and are subsequent matters with which appellant has no concern. Dees vs. Tilden, 2 Ann. 412 ; Kohn vs. March, 3 Rob. 48.

The Code gives to every heir the right to demand a partition. R. C. C. 1289, 1307.

Tutors of minors have the right to sue for a partition, provided they are thereunto authorized by the judge on the advice of a family meeting. R. C. C. 1235 ; Rachal vs. Rachal, 10 La. 458 ; Segur vs. Sorel, 11 La. 446.

Minors who do not demand a partition *inter se* of the share they are to receive, may be properly represented by their common tutor. Succ. of Aiguillard, 13 Ann. 97.

The first thing to be determined in a judicial partition is how it shall be made, whether in kind or by licitation or sale.

The Code gives to each heir the privilege of claiming his share in kind, Art. 1337, but it does not require an heir to make such claim.

If a tutor, with the concurrence of a family meeting and the approval of the judge, concludes that it is for the advantage of the

minors that the partition should be made by sale, he would have the right to urge that it be so made, and if the major co-heirs concurred in the same view, then there would be no controversy, and the judge, also concurring, would surely be authorized to order the sale.

The Code invests the judge with full authority and discretion to determine this question. Art. 1339. Kohn vs. March, 3 Rob. 48.

In his order of sale, he would be required, on the advice of a family meeting, to fix the terms of credit and security. Art. 1341.

Now, in the instant case, we find the tutor of the minors, the under-tutor, the judge and the major co-heirs all concurring that the property should be sold. It has been sold under judicial order, at public auction, on terms of credit fixed on the advice of a family meeting, and has brought a price exceeding the appraisement. What requirement of a valid sale, even for partition, is lacking, is not apparent.

In a former case we said: "We think the law exhibits sufficient watchfulness over the interest of minors in the granting of such orders, in requiring, first, an application by the tutor usually supposed to be concerned for the interest of his wards; second, a reference to a meeting of their relatives and friends to consider, advise and report for or against it; third, the action of their under-tutor, specially appointed to protect their interests against any improper action of their tutor; fourth, the final approval of the judge with all the prior proceedings before him." Tutorship of McCormick's heirs, 32 Ann. 958.

These requisites concur in the instant case. It is obvious that upon new proceedings presenting the same conditions, a re-sale may be had, and I can see no reason for subjecting the minors to this unnecessary expense and to the additional detriment of losing the advantage of a bargain which would not be litigated by the purchaser if it were not to his interest to be let out of it.

I, therefore, dissent from the opinion and decree herein.