At Term beginning First Monday in November, 1901.

HON. FRANCIS T. NICHOLLS, *Chief Justice.*

HON. JOS. A. BREAUX,
HON. NEWTON C. BLANCHARD,
HON. FRANK A. MONROE,
HON. OLIVIER O. PROVOSTY,
*Associate Justices.*

No. 13,946.

MRS. E. MACKIN ET AL. VS. O. N. WILDS.

### SYLLABUS.

1. It is error to apply, in one motion, for appeals from two judgments rendered in separate suits, and error to include the granting of the two appeals in one order, and error to attempt to make one bond suffice for both appeals. There should be a separate motion, order and bond in each case.

2. But because there was error in the way these appeals are sought to be brought up it does not follow that both should be dismissed. The motion, order and bond suffice for one appeal, and it is held, under the facts appearing and the state of the record, that an appeal from only one of the judgments has really been taken herein, which appeal is maintained.

3. Where a minor is concerned, there can be no consent decree ordering the partition of property by licitation.

4. There must be proof adduced before the judge that the property is indivisible by its nature, or else that it cannot be conveniently divided in kind, before he is authorized to order its sale at auction to effect partition.

### ON REHEARING.

It is the duty of clerks of the District Court, in all cases, whether the testimony itself be taken down in writing, or not, to make upon their minutes a note of the fact of the swearing of witnesses (and giving their names) to the end of perpetuating the evidence of that fact, and not leaving it to rest upon memory.

A PPEAL from the Tenth Judicial District, Parish of Concordia—
*Dagg, J.*

*Wade Ross Young,* for Plaintiffs, Appellants.

*Samuel Lucius Elam,* for Defendant, Appellee.

The opinion of the court was delivered by BLANCHARD, J.

On application for rehearing by NICHOLLS, C. J.

BLANCHARD, J.    John Mackin and O. N. Wilds were joint owners of certain plantation property, divided into six different tracts of land.

Mackin died, leaving a widow, Elizabeth Mackin, and three descendants, issue of his marriage with the said Elizabeth, to-wit:—Katie and John, both of age, and William, a minor, to whom his mother became tutrix.

These parties, to-wit:—Mrs. Elizabeth Mackin, for herself as surviving widow in community and as tutrix of the minor, William Mackin, and Katie and John Mackin in their own right, brought the present action against Wilds for a partition of the property.

The petition alleges that the property is not susceptible of division in kind and that the same should be sold to effect partition and for a division of the proceeds among the owners.

No family meeting, convoked in the interest of the minor, had recommended that the property be sold for the purpose of effecting its partition, and prior to the trial of the case no experts were appointed to consider and report whether or not it was susceptible of division in kind.

Wilds answered asserting his willingness that the property be sold to effect its partition and prayed accordingly.

No evidence whatever appears to have been taken in the case. There is no note of evidence and nothing to show that a witness was sworn or a document offered.

On the contrary, appended to the transcript is the certificate of the clerk of court to the effect that pages numbered from 1 to 37, inclusive, contain a true and correct copy of all the pleadings and documents filed, of all orders, judgments and minute entries, *of all evidence adduced,* and of all proceedings had in the case.

If this certificate be correct, and we must hold it so (Harrison & Bro. vs. Soulabere, 52 La. Ann. 707), then no evidence whatever was taken in the case, and the judgment rendered was a mere consent decree.

This judgment ordered the sale of five of the tracts of land to effect partition between the co-owners, and the reservation from sale of one tract.

It is presumed, since no contention on that score is raised, that the tracts ordered sold are the same described in the petition for partition, although as to several of them there is a difficulty of identification owing to dissimilarity of description in the petition and in the judgment.

The sixth tract was not ordered sold because, as the judgment recites, the parties to the suit agreed otherwise.

The tracts included in the order of sale were directed to be sold by the sheriff at public auction, after advertisement, etc., and the proceeds distributed by him to the several owners in the way commanded in the judgment.

A writ of sale issued to the sheriff and he executed the same. The purchasers at the sale were J. S. Adams and R. S. Wilds. The total proceeds of the sale was the sum of $8,783.00.

The sheriff submitted in his process verbal a tableau of distribution of this sum among the claimant owners, but it does not appear that he paid the same over to them. On the contrary, he states that O. N. Wilds, who was decreed entitled to the greater part of the proceeds, demanded that his share be paid over to him, but that he (the sheriff) refused so to do because of the litigation pending to annul the sale.

The sheriff, however, made deeds of sale to the respective purchasers.

Following the sale, Mrs. Elizabeth Mackin, for herself and as tutrix of the minor, William Mackin, and joined by Katie Mackin and John Mackin, filed a petition setting forth among other things that the judgment rendered in the partition suit was a consent decree, and that inasmuch as the minor, William Mackin, was one of the co-owners of the property thus sought to be partitioned, it was not competent for the court to enter up a consent decree ordering the partition of the property by licitation, but that it should first have been formally adjudged by the court, upon evidence adduced, that a partition of the property in kind could not be made.

The prayer of this petition was that the suit which it initiated be cumulated with the suit for partition and that it stand as an opposition to the homologation of the proceedings of the latter suit, and for judgment avoiding the decree rendered in the first suit ordering the partition of the property by licitation.

O. N. Wilds was made party defendant, as were R. S. Wilds and J. S. Adams, who had purchased at the partition sale.

A new number was given to the action attacking the partition sale and it stands on the docket as a separate suit.

A unique feature appearing is that whereas it is asked that the later suit be allowed to stand as an opposition to the homologation of the partition proceedings, no application to homologate was then or has since been filed.

The result of the trial of the second suit was a judgment adverse to plaintiffs.

Whereupon they presented a petition for appeal wherein it is recited that:—

"They have been aggrieved by the judgment of this court, rendered in the above entitled suit, ordering a partition of the property by licitation, and have been further aggrieved by the judgment rejecting their demand to have the proceedings set aside and a new partition made according to law, and desire to appeal from said judgments."

The prayer was for a devolutive appeal from both judgments.

The order which followed was to the effect that "a devolutive appeal be allowed as prayed for  *  *  *  upon the petitioners executing bond with surety in the sum of one hundred dollars."

A bond—one bond—of appeal was given, conditioned that the appellants should prosecute their devolutive appeal from the judgment ordering the partition of the property by licitation and from the further judgment rejecting their demand to have the partition judgment and proceedings annulled.

These appeals have been brought up in one transcript—the record of each case appearing therein.

They are met here by a motion to dismiss on the ground that there are two separate and distinct judgments, and only one motion and order of appeal and one bond; that appellants should have taken separate appeals and executed separate bonds, one in each case.

*Ruling*—There had been no order consolidating the suit for partition with the suit to annul the judgment ordering the partition. They were separate, distinct, independent suits and bore different numbers on the docket of the trial court.

It was, therefore, error to apply in one motion for appeals from both judgments, and error to include the granting of the two appeals in one order, if such were the case, and error to try to make one bond suffice for both appeals. There should have been a separate motion, order and bond in each case.

But because there was error in the way these appeals have been attempted to be brought up it does not follow that both should be dismissed. The motion, order and bond suffice, surely, to maintain one of the appeals.

An inspection of the petition for appeal shows it was really prepared for and had application primarily to the partition suit. The fact that the clerk copied this petition and order of appeal in the transcript of the second case and did not copy it in the transcript of the first case, cannot affect the rights of appellants. This act of the clerk does not have the effect of imputing the petition and order to the second suit.

The petition recites, as already shown, that the appellants "have been aggrieved by the judgment of this court rendered in the above entitled suit ordering a partition of the property by licitation."

Now, while, in point of fact, the pleader had neglected to give the title and number of the suit at the head of his petition, and while its identification in this way fails, it (the identity) is established by the words:—"ordering the partition of the property by licitation." Thus, "they (appellants) have been aggrieved by the judgment of this court in the above entitled suit *ordering a partition of the property by licitation.*"

Then follows the phrase "and have been further aggrieved by the judgment rejecting their demand to have the proceedings set aside," etc. But there is nothing here to indicate otherwise than that this was an attempt to include in a petition for appeal prepared for the first suit an application for an appeal also from the judgment rendered in the second suit. As such it is treated as mere surplusage.

This view is strengthened by the judge's order of appeal, which was that "a devolutive appeal (not appeals) be allowed as prayed for," etc.

It is true, in the appeal bond it is recited that appellants have taken a devolutive appeal from both judgments, making mention, first, however, of the judgment ordering the partition by licitation. But the *condition* of the bond is that appellants "shall prosecute their said appeal," etc.—not "appeals."

We conclude, therefore, that only one appeal has really been taken, and that was from the judgment ordering the partition—the judgment in the first suit filed, the one numbered 2051 on the docket of the trial court. And that no appeal has yet been prosecuted from the judgment rendered in the second suit, to-wit:—the one numbered 2073 of the docket of the court *a qua.*

The motion, order and bond of appeal found in the transcript suffice for the appeal taken and the motion to dismiss is denied.

## ON THE MERITS.

One of the parties litigant in the suit for partition was a minor. As to him there could be no consent decree ordering the partition of the property by licitation—certainly so in the absence of the advice of a family meeting, duly homologated, recommending this course.

The property in question was not indivisible by its nature. The law, where minors are concerned, favors the partition of property in kind, and C. C. 1339 expressly lays it down that there must be proof before the judge that it is indivisible by its nature, or else that it cannot be conveniently divided in kind, before he is authorized to order its sale at auction to effect partition.

The rule was thus succinctly stated in Succession of Dumestre, 40 La. Ann. 575:—

"Before ordering a sale of property held in common by minors with majors, the court must be satisfied, either by the report of experts, or by satisfactory evidence, that the property cannot be divided in kind, for it is the policy of the law, in its jealousy for the protection of minors, that they should rather own real estate than that they should have money or securities, which would be by their nature more imperilled than if invested in such property."

In the instant case, there was no proof, no evidence of any kind administered. The decree rendered was predicated merely upon the averments of plaintiffs' petition and the admissions of defendant's answer. These were not binding on the minor. As to him it was a consent decree.

Because the judgment begins with the usual formula, to-wit:—"the law and the evidence being in favor of the plaintiff and against the defendant," etc., the latter's counsel argues that a presumption attaches the judgment was rendered on sufficient evidence adduced, and such, undoubtedly, would be the case were the clerk's certificate appended to the record silent on the subject of evidence adduced. But where, as in this case, it recites that the transcript contains "all the

evidence adduced," and none whatever appears, no such presumption attaches.

This question was exhaustively considered, on full examination of all the authorities, in Harrison vs. Soulabere, 52 La. Ann. 707, and it was there held that where the clerk certifies to a transcript as containing all the evidence adduced upon the trial and yet no testimony or evidence of any kind is found in the record to support the judgment rendered, the same must be avoided and one of non-suit entered, or else the cause be remanded.

This judgment of partition is on the face of the record unwarranted by law, and there has been no valid sale of property thereunder.

Even purchasers of property must look not only to the jurisdiction of the court which ordered its sale, but also into *the power* of the court to render the order of sale.

Succession of Dumestre, 40 La. Ann. 574.

Succession of Palfrey, 9 La. Ann. 560.

For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed and that the case be remanded to the court *a qua* to be proceeded with according to law—costs of appeal to be borne by defendant and appellee.

PROVOSTY, J., dissents and reserves the right to file his reasons therefor.

MR. JUSTICE BREAUX:—I think the appeal should be dismissed, the order of appeal dual in form and the bond given for two appeals cannot be considered as a sufficient bond in one appeal.

## ON APPLICATION FOR A REHEARING.

NICHOLLS, C. J. We adhere to our refusal to dismiss the appeal. The minor being plaintiff in a partition suit, it was a condition precedent to its institution by the tutor that she should have been authorized to that effect by a family meeting. Evidence of that fact was necessary in the trial court before a judgment could be rendered. Being documentary evidence, it would, had it been offered, have been, necessarily, filed, and appeared in the record. Not so appearing, and no application for a *certiorari* having been made to produce it, it must be held that the suit was instituted without the advice of a family meeting. After the decision in this case was handed down, the clerk of the District Court forwarded to us a certificate to the effect that he "did not remember" whether any testimony was taken on the

trial of the cause, and that the certificate as made was under the direction of the plaintiffs' attorney. This certificate is inadmissible. If the original certificate was erroneous, it could not be altered in this *ex parte* manner. We take occasion to say that it is the duty of clerks of the District Court, in all cases, whether the testimony itself be taken down in writing, or not, to make upon their minutes a note of the fact of the swearing of witnesses (and giving their names) to the end of perpetuating the evidence of that fact, and not leaving it to rest upon memory.

The rehearing is refused.