No. 4922.

## STATE OF LOUISIANA vs. RUFUS G. BUSH.

Rightor & Dupre for plaintiff and appellee.

A. B. Leopold for defendant and appellant.

DUFOUR, J.—This is an appeal from a judgment in favor of the State of Louisiana condemning defendant to pay a license.

Appellant urges that the judgment must be reversed because the record contains no evidence nor note of evidence and the certificate of the Clerk declaring that the record includes "all the pleadings, evidence and documents" in the cause.

He cites in support of his view **Harrison vs. Soulabere, 52 An. 707,** and **Mackin vs. Wild, 106 La. 1.**

We shall not attempt to reconcile the suggested conflict between those cases and the long list of adjudications cited in **Harrison vs. Creditors, 43 An. 91,** to the effect that where no note of evidence appears in the record, the Court will presume that the Judge proceeded on sufficient evidence.

The claim of the State is presented, as the law permits, by a rule sworn to by the tax collector's attorney and stating "that he has good reason to believe that the allegations of the above rule are true." Section 3 of Act 148 of 1906 provides that in all proceedings brought by the State for licenses, "the burden of proof on all questions of fact shall be upon the defendant but only as to those facts which the tax collector, his deputy or attorney shall swear are, to the best of his knowledge or belief, true."

This was evidently intended to facilitate collections and to lighten the task of the officer.

It is our view that the rule and affidavit together form the basis of the proceeding and constitute one document partaking of the nature of both pleadings and evidence.

Under the circumstances, it need not be specially offered. It makes, on its face, **prima facie** proof and transfers the **onus prebindi** to the tax payer.

He has not discharged his obligation.

Judgment affirmed.