LAND, J.
The decedent by her last will left one-fourth of her estate, remaining after the payment of debts, funeral expenses, etc., to her grandchild, Berenice Marie Bertrand, and disposed of the remainder of her estate as follows, to wit:
“After payment of one fourth of all my estate over to my grandchild Berenice Marie Bertrand, and the deduction of four hundred (dollars) for the keejiing in repair of my tomb as set forth above, I desire that the balance of my estate be divided into two parts, one half of the amount to go to the Superior Council of the Society St. Vincent de Paul of New Orleans, to be distributed through their various conferences to the poor of the city and state; and the other half of my estate I desire to be distributed among the various Catholic churches of this city to be used for the purposes of masses for the repose of my sold and that of my husband, Thomas L. Bertrand, my mother, Elizabeth Barrios, and my two sons, Theodore P. Bertrand and Theogene Bertrand.”
This will was duly probated and ordered to be executed.
An inventory was taken, showing movables (mostly cash and notes) to the value of $9,-527.44, five lots of ground appraised at $1,800, and a tomb at $750.
The executor qualified, proceeded to administer the estate, and in due course filed a provisional account, which was duly homologated by the judgment of the court, without opposition from any quarter.
*244 This account showed, after the payment of all liabilities,' a balance of $3,400 to be distributed among the legatees. In the distribution the minor was properly allowed one-third of the balance as forced heir of the decedent, and the remaining two-thirds was equally divided between the Society of St. Vincent de Paul and the Catholic churches of the city of New Orleans.
The account showed a number of notes and the lots and tomb as still in the hands of the executor. ,
Later the executor applied for and obtained an order of court for the sale according to law of the real estate in order to pay the legacies, law charges, etc., and to properly execute the will of the deceased.
The property was adjudicated to the Ernest A. Carriere Company for the sum of $2,185; but the adjudicatee, refusing to pay the price and take the property, was ruled into court and ordered to do so.
The Carriere Company has appealed, and urges that' the order of sale was null and void, because there was sufficient cash in the hands of the executor to pay all the debts of the estate, and because the property sold, under the terms of the will, was the property of the legatees, and could only be sold in a partition proceeding.
The will directs the “payment” of. one-fourth of all the estate over to the minor, and the deduction of $400 for the tomb, and that the balance of the estate be divided into two parts, “one half of the amount” to go to the Society of St. Vincent de Paul, to be distributed through their various conferences to the poor of the city and the state, and the other half to be distributed among the various Catholic churches of the city for the purposes of masses.
An analysis of the will shows that, after the payment of debts, funeral expenses, etc., the minor was to be paid her one-fourth of all the estate. After this payment, and the deduction of $400 for the keeping in repair of the tomb, the balance of the estate was to be divided into two parts, “one half of the amount” to go to the Society of St. Vincent de Paul, and the other half “to be distributed among the various Catholic churches of this city.”
How could the executor pay over to the minor heir her part of all the estate, without reducing the assets to cash? The sale of the lots was necessary in order to liquidate the interest of the minor therein. The will contemplated that the legacy to the minor should be paid by preference over the other legacies. After this payment, the executor was directed to divide the balance of the estate into two parts, “one half of the amount” to go to St. Vincent de Paul, and “the other half” to be distributed among the various Catholic churches. It is to be noted that the will does not give to either of these legatees a certain share of the estate, but only one-half of whatever residuum might remain after the payment of debts, costs, the legacy due the minor, and the reservation of $400 for the tomb. The will contemplated that all the property of the estate' should be sold, and that the society and the churches should receive from the executor the residuum of the funds on hand. It is evident that one-third of the real estate could not have been divided in kind among the numerous Catholic churches of the city of New Orleans.
The case of Succession of Dumestre, 40 La. Ann. 571, 4 South. 328, has no application, as the sale in question cannot be properly construed as one in partition among coheirs or colegatees.
Judgment affirmed.