No. 2444.—SUCCESSIONS OF ANDREW and MARIE DURNFORD, PIERRE MASPERO and GEORGE OLIVIER *v.* GEORGE URQUHART and JAMES REID, etc.

An action by creditors to enforce a claim against a succession, can not be maintained after the succession has been closed and the heirs have been legally put in possession of the estate.

APPEAL from the Parish and Probate Court, parish of Plaquemines. *William M. Prescott*, Parish Judge. , *Sambola & Ducros*, for intervenors and appellants. *James Foulhouze*, for the administrator, appellee.

LUDELING, C. J. Andrew Durnford died on the thirteenth of July, 1859. On the twenty-eighth of April, 1866, his widow was appointed dative testamentary executrix of his will. On the tenth of June, 1866, she died; on the twenty-third of July, William Erskin was appointed executor of the will of A. Durnford and administrator of the succession of Mrs. Durnford, and on or about the thirty-first of December, William Erskin died, and no one was appointed executor of the will of A. Durnford or administrator of the succession of Mrs. Durnford after Erskin's death.

On the twenty-fourth of January, 1867, the heirs of Mr. and Mrs. Durnford applied to be recognized as the heirs of their father and mother, and to be put in possession of their estate. The order was rendered, putting the heirs in full possession of all the property belonging to the successions, according to law, "*upon payment of the debts, if any there are.*" The heirs, who were all of age or emancipated, were put in possession of the property, and they continued to control the property as owners without any one questioning their right until about the twenty-second of July, 1869, when Pierre Maspero and George Olivier filed an application in the probate court praying that George Urquhart and James Reid be cited to show cause why they should not pay their debts, and why the plantation belonging to the successions of A. and M. C. Durnford should not be sold to pay their debts.

After the death of William Erskin, George Urquhart and James Reid were confirmed as the executors of the testament of William Erskin, and they had undertaken to render an account of his administration of the successions of Durnford, over which the heirs and the creditors had contested, and there was a judgment homologating the account, so far as the claims of Maspero and Olivier were concerned. At the time the account rendered by Urquhart and Reid was filed, the first of June, 1867, the heirs had been put in possession of the property, and there was no succession. Under this state of the case, we think the plaintiff had no right to proceed against the succession. C. P. 995, 996; 21 An. 365; 1 An. 181; 4 An. 224; 22 An. 23; 23 An. 97.

What effect the judgment on the account rendered by the executors of Erskin of his administration (to which the heirs and creditors of Mr. and Mrs. Durnford were parties) had or may have against the heirs personally, we do not feel authorized to say in this suit, which was instituted in the probate court. We think the heirs and intervenors are entitled to a judgment in their favor rejecting the plantiffs' demands in this suit.

It is therefore ordered and adjudged that the judgment of the court a qua be reversed, and that there be judgment in favor of the intervenors rejecting the plaintiffs' demands, with costs in both courts.