Ware et al. vs. Vignes et als.

## No. 8750.

### CLEM WARE ET AL. VS. ADRIEN VIGNES ET ALS.

Where minors are interested in an immovable owned in indivision by several co-owners, a judicial partition is the only mode of making a legal division of such property. The co-owners of an undivided portion of a large tract of land cannot effect a legal partition of the same without making the owners of the other portion of said property parties to their suit for partition.

An undivided portion of a larger and undivided tract of land cannot be legally partitioned among the owners thereof.

APPEAL from the Twenty-sixth District Court, Parish of St. John the Baptist. *Hahn, J.*

*Jas. D. Augustin* for Plaintiffs and Appellees.

*Jules Reine* and *L. De Poorter* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. This is an action for partition, in which plaintiffs allege that they are undivided owners with defendants of a certain tract of land measuring an arpent and a half front on the Mississippi river, by the usual depth, and forming part of a larger tract measuring three arpents front on said river, which other half of said tract is owned by another set of proprietors, known as Similien Sheldon & Co.

After this judicial admission of the state of indivision of the ownership of the three arpent tract, plaintiff's petition contains the averment that a division by extra-judicial act had been effected, of the original tract in two equal portions, the upper half of which was allotted to S. Sheldon & Co., and the lower half became the property of the parties, plaintiffs and defendants, in this suit.

It is next alleged that this partition, which was made by a surveyor, and was not evidenced by any other act, but is shown exclusively by the surveyor's return and plat, dated March 9th, 1878, was followed by

an act of voluntary partition, by authentic act, of the upper half of said tract of land, between Similien Sheldon and his six joint co-owners.

The record shows that, among such co-owners, two shares were partially owned by two different sets of minors, and that such minors were represented in the act by their respective mothers, who were not authorized thereto by any judicial mandate or proceedings. The record shows further, that none of the owners of the tract alleged to have been allotted to Similien Sheldon & Co. have been made parties in the present suit for partition.

From the foregoing statement of the pleadings, and of the facts of the case, it appears clearly to our minds:

1. That there has been no legal partition of the original three arpent tract between the parties to this suit and their co-owners, Similien Sheldon & Co.

The plat or survey made by the surveyor on March 9th, 1878, has none of the elements of a legal partition between co-owners, even if they are all of age, *a fortiori*, it can have no legal or binding effect on minors interested in the immovable property to be affected thereby.

2. That the ratification alleged to have been made of such pretended partition by the act of partition between S. Sheldon & Co. in April, 1881, cannot be invoked as operating a legal partition, for the reason that minors were interested as owners, and *quoad* them no legal partition could be made extra-judicially. C. C. 1323. Hence, it follows, that the original three arpent tract is yet owned and held in indivision by the parties to this suit on the one hand, and by Similien Sheldon and his co-owners on the other.

But as the latter set of owners have not been made parties in the present proceeding, it is clear that no legal partition can be decreed and enforced in the present action.

Hence, the judgment of the lower court, which ordered a partition in kind of the one-half of said tract of land, which is shown by the record to be yet undivided, is manifestly and glaringly erroneous; and its execution would make confusion worst confounded, and would have fostered for the future very complicated and crushing litigation.

The judgment appealed from is, therefore, annulled, avoided and reversed, and plaintiffs' action is therefore dismissed at their costs in both Courts.