Folger vs. Palmer.

## No. 8851.

### LAFAYETTE FOLGER VS. E. C. PALMER.

The judicial declaration by the president of a bank, that a certain note is the property of his bank, will estop the same party from subsequently claiming that he was then the owner of the note.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

35  743
47  532
47  791

35  743
f120 881

35  743
117 290

35  743
121 720

*Breaux & Hall* for Plaintiff and Appellee:

The president of a bank who, in suing upon a note, avers that the paper sued on belongs to the bank, is bound individually by the averment and cannot thereafter gainsay it. Farrar vs. Stacey, 2 An. 211; Taylor vs Normand, Adm'r, 12 Rob. 241; Osborn vs. Legras, 29 An. 293; Denton vs. Erwin, 2 An. 22; Gridley vs. Conner, 4 An. 416; Greenleaf on Evidence, § 22.

Even the State has been held estopped by its averments. State vs. Taylor, 28 An. 460; State ex rel. Morgan, 28 An. 121.

A party will not be permitted to contradict the statements made by him in a former litigation between the same parties.

Execution will not be enjoined on a claim which could have been, but was not pleaded in compensation. Donnel vs. Parrot, 13 An. 253; Thomas vs. Bourgcot, 6 Rob. 436; Hennen's Digest, Injunction II (b 2) 19.

Article 393, C. P., inflicts the penalty for not pleading compensation.

*Blanc & Butler* for Defendant and Appellant:

The averment in the petition of the Louisiana Savings Bank and Safe Deposit Company, in its suit against Folger, that it was holder and owner of the $3200 note, pleaded in compensation by Palmer in this suit, was the averment of the Bank and not of its President; and, therefore, does not estop him from asserting his individual title to said note, in another suit.

If it was the averment of Palmer, it was made by him in his representative capacity, as President of the Bank, and cannot be held to estop him from afterwards asserting his individual title to the note. Bigelow on Estoppel, pp. 45, 274, and cases cited.

Palmer's testimony, in a former litigation with Folger, does not contradict his averments in this suit; and, therefore, cannot be held to constitute an estoppel.

Palmer's failure to assert title to the note in a former suit was not necessary, as title to the note was not a proper issue in that case.

Where issues have been joined between the parties to a suit, and the defendant subsequently acquires a claim against the plaintiff, which is equally liquidated with the demand sued on, and is past due, the defendant does not, by suffering judgment to go against him in the original suit, without pleading such claim in compensation, lose any of his rights against the plaintiff, except that he must bring his action before the court within whose jurisdiction the plaintiff has his domicil. C. P. Art. 373.

The opinion of the Court was delivered by

POCHÉ, J.   Defendant enjoins the execution of a judgment rendered against him in favor of plaintiff, on the ground that, in April, 1879, he acquired the ownership of a note due by plaintiff, which, as far as its amount goes, compensates the claim and judgment sought to be enforced against him.

His petition for injunction was met by a plea of estoppel, urging that in June, 1879, the defendant, as President of the Louisiana Savings Bank, had brought suit against Folger on the same note, which was then alleged to be the property of said Bank; urging further, that in his testimony in another suit of plaintiff against him, the defendant had stated that said note was the property of the Bank.

The plea of estoppel was maintained in the District Court, the evidence offered by defendant for the purpose of proving his ownership of the note was rejected, and judgment was rendered dissolving his injunction, and he has appealed.

We are satisfied from the record that the suit of the Bank against Folger was brought with the full knowledge and consent of its president, the defendant herein, that he was called in warranty in that suit by plaintiff Folger, and that he did not then set up his alleged ownership of the note, and that in his testimony in another suit he unmistakably recognized the ownership of the Bank in said note.

Our jurisprudence has uniformly recognized and enforced the wise and salutary doctrine, which firmly binds a party to his judicial declarations, and forbids him from subsequently contradicting his statements thus made. Farrar vs. Stacy, 2 An. 211; Gridley vs. Conner, 4 An. 416; Durham vs. Williams, 32 An. 962; Gilmore vs. O'Neal, 32 An. 979; Dickson vs. Dickson, 33 An. 1370.

The doctrine is so firmly sanctioned, both by reason and justice, that our courts have unhesitatingly extended its operation to the State itself. State vs. Taylor, 28 An. 460; State ex rel. Morgan, 28 An. 121; State vs. Ober, 34 An. 360.

Under the state of facts shown by the record, tested under the well established rule referred to, defendant is clearly estopped from denying the ownership of his Bank in the note which is yet on file in the suit of the Bank against Folger.

But he contends that he is not bound by his judicial declaration in the suit of the Bank, because it was made in his official capacity of president, and that he now sues in his individual capacity.

Admitting the correctness of the rule which he invokes, that he is not bound in his individual capacity by declarations made in his representative capacity, we can hardly conceive that it could affect the declaration made by him in his testimony referred to, from which we glean the following statement, referring to the note in question: "I have a note now of Mr. Folger's, or *rather the Bank has.*"

But the rule invoked finds no countenance in our jurisprudence.

In the case of Farrar vs. Stacy, 2 An. 211, this Court held: "allegations in a petition signed by one as the attorney of a third person, in-

State ex rel. Baumgarden vs. Judge.

consistent with claims set up by him in an action in his own name, commenced on the same day, will estop him from recovering."

In Osborn vs. Legras, 29 An. 293, a party who had, as Judge, rendered a definitive judgment, was not permitted subsequently to invoke the nullity of such judgment, for want of jurisdiction in the court over which he then presided.

We find no error in the conclusions reached by the District Judge.

Judgment affirmed.

Fenner, J., recused.