LAND, J.
This is a suit for a partition by licitation of a certain tract of land belonging to the succession of Emile F. Faure, tbe father of all the litigants, who died in the year 1872, leaving a widow and five children. The tract of land was the separate property of the decedent. In 1880, the widow, in an instrument purporting to be a donation and partition, divided the tract of land among the five heirs.
This instrument was recorded in 1887. Plaintiff alleged that her signature to said document was a forgery, that the act as a donation was null for want of form, and that her mother had no interest in the property.
The court held that the pretended donation and partition was a nullity, and ordered the land to be sold for the purpose of effecting a partition. An appeal was taken to the Court of Appeal on the sole issue as to how the partition and sale should be made. The appellate court said:
“The judge should have appointed experts and ordered an appraisement. He named a notaiy, but failed to name experts. Rev. Civ. Code, arts. 1325, 1326. The judgment also orders the sheriff to pay into the registry of the court the amount received by him as the purchase price of said described lands, after deducting the cost and expenses. We think this order should have exempted the heirs from paying cash in case they or any of them purchased. We shall remand the case to have these errors corrected.”
The district judge appointed three experts and appraisers to examine the lands and to report whether the same could be equally and fairly divided in kind. The experts reported that they had appraised the property at $2,-000, and that it could not be fairly and equally divided in kind and should be sold for the purpose of effecting a partition.
The court rendered judgment, ordering the lands to be sold at public auction acccording to law for the purpose of effecting a partition, and appointed a notary public to take testimony and report upon the claims of the parties to the suit against said lands, and to snake a partition of the proceeds of the sale in the manner provided by law.
The judgment recognized the joint ownership of the plaintiff and defendants as heirs of their father, and declared the act of partition and donation executed in 1880 to be null and void. No appeal was taken from this judgment
The property was sold for $2,700, and the improvements on the land were not separately appraised, either before or after the sale.
The notary took testimony as to the claims of the parties against the property dcreed to be partitioned, and reported the same to the court, which thereupon rendered judgment ordering the proceeds of the sale to be divided and distributed by the notary equally among the heirs, reserving to the parties whatever rights they may have against each other.
The defendants Ernest Faure and Mrs. Gabrielle Leaumont have appealed. Mrs. Sharp and Mrs. Reine have joined in the appeal, pleading prescription against certain demands urged by Ernest Faure, and praying that the reservation in the judgment be stricken out, and for general relief.
Mrs. Gabrielle Leaumont in her answer set up a claim of $500 for the erection of a house and other buildings on the lands to be partitioned.
Ernest Faure in his answer set up the following claims:
(1) For support of the common mother for 30 years, worth the sum of $4 per month.
(2) For support of the plaintiff, Antonia Faure, for 30 years, worth the sum of $4 per month.
(3) For support of Gabrielle Leaumont for 8 years, worth the sum of $4 per month.
(4) For the support of Blanche Reine for 2 years, worth $4 per month.
' (5) For the support of Emilie Sharp for 18 years, at the rate of $4 per month.
*207 (6) Eor cost of constructing two houses, outbuildings, and fences upon said land, $300.
(7) For cost of repairing and improving the family dwelling house and premises on said lands, $500.
(8) Taxes for 30 years, $180.
(9) Funeral expenses, etc., of mother, $57.03.
Mrs. Emilie Sharp in her answer sets up that Ernest Faure should be compelled to collate the value of 50 head of cattle, 100 head of hogs, and a- lot of carpenter tools received by him from the succession of the father; and also shells and red oak bark taken from the lands in question and worth $500.
Mrs. Sharp further claims that the plaintiff should collate $110, the cost of a building erected upon the parcel of land allotted to said plaintiff in the amicable partition of 1880. Mi'S. Sharp also claims in her answer several hundred dollars for improvements and taxes.
Mrs. Reine in her answer avers that she paid to her mother $100 for 25 acres of land, and that the purchase price was turned over to the plaintiff, who used the same in the construction of a building on the lands in question. Mrs. Reine prayed that the suit be dismissed, and that she be recognized as the owner of said 25-acre tract of land. The evidence is as confused and unsatisfactory as the pleadings. The father died in 1872. The widow and children continued to reside on the tract of land. In 1880, some kind of a partition was made. All the heirs except the plaintiff signed the act, which, however, is not in the record. There can be no doubt, however, that from and after the year 1880 the heirs possessed and enjoyed by common consent distinct portions of the property.
Ernest Faure and family resided on the premises for 30 years or more. He occupied the old family residence. The widow had a house constructed for herself and daughter Antonia. Mrs. Leaumont also erected a dwelling and other improvements on the premises.
The alleged deed from the widow to Mrs. Reine is not in the record, and the house she caused to be constructed is not on the land in controversy.
Ernest Faure made repairs and some improvements on the portion of the tract occupied by him. He also paid taxes, but the receipts are not in the record. The widow died in 1902, and shortly after her death the present suit was instituted.
After the death of the mother, family dissensions arose and gave birth to the extravagant demands urged by the heirs against each other. Ernest Faure undoubtedly contributed something to the support of his mother and sisters.
He seems to have been the manager of the property down to the date of partition. The mother, however, was not without resources, as she paid Ernest Faure $100 for work donp on her house. After 1880, each heir seems to have enjoyed the portion of ground allotted to him or her.
For such enjoyment they owe no accounting to each other. There is no sufficient evidence of the alleged collations. The claim of Ernest Faure against his mother for support is foreign to the partition of the father’s estate. The same may be said of the claims of the heirs against each other arising after the opening of the succession, for support, money advanced, etc. A partition involves the settlement of accounts between the heirs and the succession, which includes the sums which each of the coheirs owes to the deceased, those which each of the coheirs may have received or disbursed on account of the succession, and those which each of the coheirs may owe by reason of damages or injury, which may have been caused by his fault to the effects of the succession. Civ. Code, art. 1350.
The only demands urged by the appellants *209 in this court are for useful improvements made by them which enhanced the value of the land. The evidence shows that during 30 .years Ernest Paure made repairs and improvements, which he used and enjoyed, but there is nothing to show what was the value of -same at the date of the partition sale.
The evidence tends to show that the Leauvmont house and appurtenances originally cost from $650 to $850, but is conflicting as to value at the date of the partition sale. Ernest Paure estimated such value at $500. Ernest 'Sharp testified that the improvements made '.by Paure and Mrs. Leaumont were in bad •condition, dilapidated, and “not fit for a negro.”
No intelligent judgment can be rendered •on testimony so uncertain, vague, and contradictory. Two district judges so held, and we heartily concur in their opinion.
Judgment affirmed.