ROGERS, J.
Pursuant to an order of the Sixteenth judicial district court for the Parish of St. Landry, a certain piece of real property situated in the city of New Orleans was sold at public auction to effect a partition between the co-owners of record. At this sale one George L. Foretich, a resident of the city of New Orleans, became the adjudicatee. He refused to comply with the adjudication. On a rule to compel him to do so judgment was rendered canceling the adjudication and ordering the return to the adjudicatee of the amount of the deposit made by him with the auctioneer on account of the purchase price. The case is before us on appeal from said judgment.
Defendant in rule excepted in limine to the jurisdiction of the court and to the form of the proceeding; and, in his answer, filed with reservation of the exception, set up various defects and nullities in the title of the property adjudicated.
While there appears to be considerable merit in the exception filed by defendant in rule to the jurisdiction of the court and to the form of proceeding, we have concluded to .omit consideration of the plea. If the exception should be maintained, it would be decisive of nothing but appellants’ mistake in the forum and in their remedy. The effect would be merely to relegate the *174 parties to another proceeding to he instituted before the courts of the parish of Orleans. As the whole case is in the record before us, we have preferred to pass upon the issues between the parties in order that they may be informed as to their respective rights, and that a final disposition of the controversy be made. We will consider only those objections to the title which we regard as being of a serious character.
The record shows that Martin A. Medicis, a former resident of the parish of St. Landry, died intestate at the Soldiers’ Home in the city of New Orleans in the year 1921, leaving a small estate, in which was included the real property in question. Upon the petition of seven persons representing themselves as his children, judgment was rendered recognizing petitioners as the sole heirs of the deceased, and as such sending them in possession of his estate. The marital status of the deeeaséd was not disclosed in the petition nor in the judgment of possession. It appears, however, that he had been married twice, first, to the mother of the seven petitioning children, and after her death to a second wife, who survived him. The property in question belonged to the marital community of the second marriage.
Subsequent to the rendition of the judgment recognizing and sending the seven heirs into possession, a third person became the purchaser of the interests of two of the children. Thereafter said third person and four of his record co-owners instituted a suit in the Sixteenth judicial district court for the parish of St. Landry against George A. Medicis, an absentee, and the remaining record co-owner, for the purpose of effecting a partition by licitation of the New Orleans property. In the petition for partition it was shown, for the first time, that Martin A. Medicis, from, whom petitioners. had inherited their respective interests in the property, was survived by a widow, who, it was alleged, under a claim of being in necessitous circumstances, was demanding $1,000 under the provisions of article 3252 of the Revised Civil Code.
The surviving widow, although owner of an undivided one-half interest in the property by virtue of her community rights, and who had been entirely ignored in the mortuary proceedings, was not made a party to the suit for partition, nor was there placed in evidence in the succession proceeding any judicial renunciation or authentic act of renunciation by said widow of her community rights.
At the time of the institution of the partition suit the property had ceased to be owned by the succession of Martin A. Medicis. The judgment recognizing the heirs and sending them into possession had been rendered, and two of the said heirs had sold their rights and interests to a third person. The suit for partition therefore did not involve the division of succession property, as contended for by counsel for plaintiffs in rule. It was an ordinary suit between co-owners, of which, as the property is situated in the city of New Orleans, the Sixteenth judicial district court for the parish of St. Landry did not have jurisdiction. C. P. 165, par. 1; article 1290, R. C. C.; Succession of Baily v. Becnel, 30 La. Ann. 1032; Smith v. Smith, 131 La. 970, 60 South. 634.
The second wife, and surviving widow of the decedent, not having legally renounced her community rights prior to . the suit for partition, was one of the co-owners of. the property sought to be partitioned, and was a necessary party to said suit. It is true that the petition for the partition contains the allegation that the widow, “who, being in necessitous circumstances, is demanding her $1,000, due her under article 3253 of the Civil Code of the state,” but there is no pretense on the part of the attorney for the plaintiffs in said suit that he was authorized *176 to represent said widow therein, and she was not made a party to the proceeding.
Plaintiffs in rule contend, however, that whatever defects may have appeared in the title have been cured by the ratification of the sale by the absent heirs, the renunciation by the widow of her community rights and ratification of the sale, and the joinder by all of the co-owners of the property in the rule to compel the adjudicatee to comply with the adjudication. And it is urged that, as these ratifications were had at the request of the adjudicatee, he is legally bound to accept the title, whatever may have been the defects originally complained of.
The record shows that the order of sale was issued on May 13, 1922, and the auction sale and adjudication took place on July 6, 1922. Under date of August 17, 1922, the attorney for the adjudicatee wrote the attorney for the plaintiffs in the partition suit, advising him that he was unable to report favorably upon the title, and setting forth his reasons therefor. This letter contained the suggestion that the sale could be ratified by the absentee. On August 21, 1922, evidently in answer to a letter from the attorney for the plaintiff co-owners relative to ratification, the attorney for the adjudicatee wrote another letter, in which he stated that he was of the opinion that a ratification by all parties in interest would be sufficient to transfer a legal title to the purchaser.
It appears, however, that, when the attorney for the adjudicatee recommended to his .client the acceptance of the title upon a proper ratification being had, the latter was unwilling to purchase the property under such circumstances, and he instructed his attorney to demand the return of his deposit. Accordingly, on November 8, 1922, adjudicatee’s attorney wrote the attorney for the plaintiff co-owners, demanding the return of said deposit. More than four months after this letter was written, viz. on March 10, 1923, the original rule was filed to compel the adjudicatee to accept the title. The intervening time was used for the purpose of obtaining ratifications and renunciations. The renunciation and ratification of the surviving widow in community, however, was obtained on April 25, 1923, only three days before the trial of the rule against appellee was had.
It is well settled that, if the title to property sold at a judicial sale prove defective, the adjudicatee cannot be forced to accept a subsequent ratification. Succession of Gairnes, 121 La. 223, 46 South. 217; Succession of Yarutzky, 52 La. Ann. 1919, 28 South. 328; Mallard v. Dejan, 45 La. Ann. 1270, 14 South. 238; Cavelier v. Germain, 6 La. 215. In order to escape the effect of this legal principle, it was incumbent upon plaintiffs in rule to show that the adjudicatee had agreed to accept a ratified title in lieu of a title by judicial sale. This they have failed to do. On the contrary, it clearly appears that, while the attorney for the adjudicatee was willing to recommend the acceptance of the title duly ratified, his client was unwilling to assent to the recommendation, and demanded the cancellation of the adjudication and the return of the amount of his deposit on account of the purchase price.
Judgment affirmed.