(107 So. 461)

No. 25783.

PRICHARD et al. v. McCRANIE et al.

(Feb. 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Partition** 55(1)—**Petition in suit for partition in kind held sufficient (Rev. Civ. Code, art. 1289; Act No. 109 of 1906).**

In suit for partition in kind, allegations of petition *held* sufficiently definite, in view of Rev. Civ. Code, art. 1289, as against contentions that petition failed to allege death of persons from whom plaintiffs inherited, and that plaintiffs had been recognized as heirs and sent into possession, and that inheritance taxes had been paid or were not owing, as required by Act No. 109 of 1906.

2. **Partition** 34—**Suit after heirs sent into possession held not to involve division of succession property, but to be an ordinary partition suit between co-owners.**

Where judgment in succession recognized heirs and sent them into possession of property, succession ceased, and property became common property of heirs as owners, and subsequent suit for partition in kind did not involve division of succession property, but was an ordinary partition suit between co-owners.

3. **Partition** 13—**Ordinary partition involves only property held in common.**

Ordinary partition involves only property held in common, and can only arise between co-owners of such property.

4. **Partition** 83.

Under Rev. Civ. Code, arts. 1242 and 1290, collation cannot be exacted in partition among co-owners.

5. **Partition** 87—**Reconvention for support furnished plaintiffs and taxes paid will not lie in ordinary partition suit (Rev. Civ. Code, arts. 1242, 1290).**

In ordinary partition suit between co-owners, defendant, in view of Rev. Civ. Code, arts. 1242 and 1290, cannot reconvene for support furnished plaintiffs during minority, and for taxes paid on property; latter claim being against each co-owner individually and being irrelevant to issue.

6. **Partition** 111(3)—**Mortgage in favor of defendant against co-owner properly transferred to proceeds of sale, where partition made by licitation (Rev. Civ. Code, art. 1338).**

In ordinary partition suit, between co-owners, mortgage existing in favor of defendant against co-owner was properly transferred to proceeds of sale, where partition had been made by licitation, in view of Rev. Civ. Code, art. 1338.

7. **Estoppel** 3(3)—**Defendant estopped to deny plaintiff's ownership and interest in property sought to be partitioned by admissions in answer in succession proceeding.**

In partition suit, defendant *held* estopped to deny plaintiffs' ownership and interest in property sought to be partitioned, where he acknowledged ownership and interest claimed by plaintiffs in answer in succession proceeding.

8. **Estoppel** 10—**Estoppel of defendant to deny plaintiff's ownership in partition proceeding restricted to property involved in proceeding in which ownership admitted in answer.**

In partition suit, estoppel of defendant to deny plaintiff's ownership and interest by admissions in answer made in succession proceeding must be restricted to such property as was involved in succession proceeding.

9. **Judgment** 714(1)—**Judgment putting heirs in possession not res judicata in partition suit as to heir's interests in different properties.**

Judgment placing heirs in possession, rendered on judicial admissions of defendant as to heirship and interest of heirs in particular property, *held* not res judicata in partition suit as to interests of heirs in different properties.

Appeal from Sixth Judicial District Court, Parish of Ouachita; Fred M. Odom, Judge.

Suit in partition by J. Drew Prichard and others against Don M. McCranie and another. From the judgment, the named defendant takes a suspensive appeal. Affirmed.

John M. Munholland, of Monroe, for appellants.

Percy Sandel and McHenry, Montgomery, Lamkin & Lamkin, all of Monroe, for appellees.

LAND, J. This is a suit to partition in kind a certain lot or parcel of ground in square 6 of Hart's addition to the city of Monroe, La.

The plaintiffs in the action are J. Drew Prichard, Mrs. Ruth Prichard, wife of Norton Myatt, and Mrs. Charlotte Prichard Breard, wife of John M. Breard, Jr.

The defendants are George W. McCranie, Jr., and Don M. McCranie.

The judgment of the court below recognized plaintiffs as owners in indivision, each of an undivided 169/1728 interest, and defendants as owners in indivision, each of an undivided 169/576 interest, in the property sought to be partitioned, and ordered the property sold at public auction to effect a partition by licitation.

The judgment decreed also that the mortgage indebtedness which the defendant Don M. McCranie has against the interest of George W. McCranie, Jr., be transferred to the proceeds of the sale, and that the defendant Don M. McCranie pay all costs of this suit.

The defendant Don M. McCranie has taken a suspensive appeal from this judgment.

Exception of No Cause of Action.

[1] 1. Defendant filed an exception of no cause of action to plaintiff's petition, which was overruled by the trial judge.

Defendant contends that the petition in this case does not disclose a cause of action, as it fails to allege the death of all persons through or from whom plaintiffs inherit, and that, in the absence of such allegations, proof of ownership cannot be introduced. Defendant further contends that the petition is lacking in material allegations, as it fails to state that plaintiffs have been recognized as heirs and sent into possession, and that inheritance taxes have been paid, or are not owing, as required by Act 109 of 1906.

Plaintiffs allege that they acquired an undivided 48/576 interest each in the property described in the petition *by inheritance from their mother*, Mrs. Olive McCranie Prichard, and that defendants George W. McCranie, Jr., acquired an undivided 48/192 interest, and Don M. McCranie an undivided 71/192 interest in said property *by inheritance* from their father, George W. McCranie, Sr., their brother, Malcolm A. McCranie, their mother, Mrs. C. A. McCranie, and that petitioners acquired an undivided 25/1728 interest each, George W. McCranie, Jr., an undivided 25/576, and Don M. McCranie an undivided 25/576 interest by purchase of the interest of J. D. McCranie *in the succession* of his late mother, Mrs. C. A. McCranie.

Plaintiffs further allege that they are unwilling to remain any longer as owners in indivision of the property, that the defendant Don M. McCranie will not agree to a partition or the manner of making it, and that said property is divisible in kind, and they desire a partition of it.

It is provided in article 1289 of the Civil Code that—

"No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has a right to demand the division of a thing held in common, by the action of partition."

The allegations of the petition comply with the requirements of article 1289 of the Civil Code, and are sufficiently definite.

## Bill of Particulars.

2. Defendant also demanded a bill of particulars, alleging that the allegations of plaintiffs' petition are too vague and indefinite to admit of proof or to put defendant upon his guard, and that, before answering, defendant is entitled to a bill of particulars setting forth with particularity the chain of title relied upon by plaintiffs and the facts upon which plaintiffs base their alleged rights.

To the answer to defendants' rule for a bill of particulars herein, plaintiffs have attached the judgment and the entire record in the Succession of Mrs. E. A. McCranie, No. 1911 on the probate docket of the Sixth district court. This judgment fully establishes the heirship and respective interests of plaintiffs and defendants in the property to be partitioned, and orders that they be sent into possession, without the payment of any inheritance taxes.

The bill of particulars is practically a mere repetition of the grounds of objection urged under the exception of no cause of action, and the rule was properly discharged.

## Answer and Demand in Reconvention.

3. In the answer filed to the suit for partition in this case, the defendant Don M. McCranie denies that plaintiffs have any interest whatever in the property herein sought to be partitioned.

While admitting, as a legal proposition, that Mrs. Olive McCranie Prichard, deceased, the mother of the plaintiffs, Mrs. Charlotte Prichard Breard, Mrs. Ruth Prichard, and J. Drew Prichard, and the daughter of George W. McCranie and of Mrs. Charlotte A. McCranie, both deceased, was entitled to inherit an undivided 1/12 interest in the property belonging to her deceased father and mother, and was entitled to inherit an undivided 1/20 interest in the property on the death of Malcolm A. McCranie, a brother of Mrs. Charlotte Prichard Breard, yet defendant charges

160 La.—20

that Mrs. Olive McCranie Prichard, mother of plaintiffs, through a donation of a certain lot in the city of Monroe, La., made by her father in his lifetime, and through certain simulated sales from her mother, pretended to acquire more than 25 per centum of the property belonging to the community of Mrs. Charlotte A. McCranie and George W. McCranie, deceased father and mother of the defendant Don M. McCranie and of Mrs. Olive McCranie Prichard, mother of plaintiffs herein.

Defendant attacks the sales made by Mrs. Charlotte A. McCranie to Mrs. Olive McCranie Prichard, mother of plaintiffs, as null and void, for the reason that G. W. McCranie, the father of respondent, was at the time living, that same was community property belonging to the community existing between him and the pretended donor, and that he neither participated or joined therein, nor consented thereto, and that said sales were intended by Mrs. Charlotte A. McCranie, the mother of defendant and of Mrs. Olive McCranie Prichard, mother of plaintiffs, as a donation utterly without consideration, and to the prejudice of defendant's rights as forced heir.

Defendant avers that there has been no settlement among the heirs of Mrs. Charlotte A. McCranie and George W. McCranie, and that it is the duty of plaintiffs before being entitled to receive any portion of the property now belonging to said estate, to collate the value of the property heretofore received by their mother.

Defendant also claims in reconvention certain taxes alleged to have been paid by him on the property, and a certain sum alleged to have been advanced by him for the support of plaintiffs during their minority, and that he is entitled to receive the amount of a certain mortgage note out of the interest of his codefendant G. W. McCranie.

Defendant prays that said pretended sales by Mrs. A. McCranie to Mrs. Olive Prichard

be declared null, void, and of no effect, that the demands of plaintiffs be rejected at their costs; and, in the alternative, and in the alternative only, respondent prays, if the court recognizes that they have any right whatever in said property, that they be ordered to .collate the value of the property which their mother has already received and return same to the mass of the succession before any partition is ordered, and that, in addition to collating, and whether they be ordered to collate or not, respondent have judgment in his favor against plaintiffs for the sum advanced for their support during minority, for their pro rata share of the taxes paid by respondent, and that respondent's rights against G. W. McCranie, as a general and special mortgage creditor, be recognized and rendered executory on his interest in the said property.

### Motion to Strike Out.

4. Plaintiffs have filed a motion to strike out all of the answer of the defendant Don M. McCranie except the first paragraph thereof, which is a general denial of the allegations of plaintiffs' petition, with reservation of the exceptions of no cause of action and for bill of particulars.

The motion to strike out is based upon the following reasons:

(a) That in suit No. 911 on the docket of the Sixth district court, entitled the Succession of Mrs. C. A. McCranie, the defendant Don M. McCranie in his answer admitted the ownership of the property sought to be partitioned as alleged in plaintiffs' petition; and that defendant is now judicially estopped from contesting plaintiffs' title and interest in the property sought to be partitioned.

(b) That in said suit the court rendered a judgment recognizing plaintiffs as the owners of the interest in the property sought to be partitioned as alleged in plaintiffs' petition, and that defendant, Don M. McCranie, was a party to said suit, and that the judgment of said court in said succession is res adjudicata as to the question of plaintiffs' ownership in the property sought to be partitioned as alleged in their petition.

(c) That any indebtedness of any nature or description of these plaintiffs to the defendant Don M. McCranie is irrelevant and immaterial to any issue which may be raised in this suit for partition, and that defendant, if he has any rights or claims against plaintiffs, should assert them in the proper suit.

(d) That any mortgage indebtedness which defendant may have against the interest of G. W. McCranie in the property sought to be partitioned, will be transferred by operation of law to that portion of the property which is allotted to the said G. W. McCranie in the partition proceedings, or to the proceeds of the sale thereof, should the partition be made by licitation, and that the alleged indebtedness of G. W. McCranie to defendant is irrelevant and immaterial to any issue that could be raised in this partition suit.

As special pleas of estoppel and of res adjudicata have been filed in this case, in addition to those set out in the motion to strike out, we will consider these pleas later on in this opinion, and now will discuss the relevancy of the reconventional demands of defendant for collation, and the other claims for which he has prayed for judgment in reconvention. It appears from the record that a judgment was rendered October 1, 1921, in the Sixth district court in the Succession of Mrs. C. A. McCranie, recognizing the heirs and fixing the undivided interest of each in the property described in plaintiffs' petition and sought to be partitioned in the present suit, and sends all of said heirs into possession.

The petition in the Succession of Mrs. C. A. McCranie was filed by George W. Mc Cranie against the other heirs, and sets out the heirship and interest of each heir in the property, and prays for citation to all of defendants.

J. Dan McCranie and Donald M. McCranie, the defendant in the present suit for partition, filed a joint answer, in which they admitted all of the allegations of the petition filed by George W. McCranie, including heirship and ownership of each heir, and joined in the prayer for a partition of the property, according to the allegations of the petition filed in the succession of Mrs. C. A. McCranie.

The other defendants, Mrs. Ruth Prichard Myatt, Mrs. Charlotte Prichard Breard, and J. Drew Prichard, the plaintiffs in the present partition suit, filed a joint answer, admitting all of the allegations of the petition filed by their coheir George W. McCranie.

The judgment rendered in the case, decreeing heirship and ownership, and placing all of the heirs in possession, expressly declares that it is rendered "in accordance with allegations of the petition and answer herein."

[2] The present suit for the partition of the same property, into the possession of which these heirs were sent by judgment of the Sixth district court of date October 1, 1921, was filed in said court June 5, 1922. It is clear, therefore, that the succession of Mrs. C. A. McCranie ceased when the heirs were recognized and sent into possession, that the property thenceforth became their common property as owners, and that the present suit is not one involving the division of succession property, but is an ordinary partition suit between co-owners. Medicis et al. v. Medicis, 99 So. 27, 155 La. 171; Johnson v. Labatt, 25 La. Ann. 143; Sevier et al. v. Sargent et al., 25 La. Ann. 221; Freret v. Heirs of Freret, 31 La. Ann. 506; Gillespie et al. v. Twitchell et al., 34 La. Ann. 288; Succession of Andrew and Marie Durnford et al. v. Geo. Urquhart et al., 24 La. Ann. 114.

[3, 4] Rules relating to collations and succession partitions are expressly excepted from application to ordinary partitions, which involve only property held in common and can only arise between co-owners of such property. Under articles 1242 and 1290 of the Revised Civil Code, collation cannot be exacted in partitions among co-owners. Duffourc v. Duffourc et al., 97 So. 391, 154 La. 174.

In Faure v. Faure et al., 41 So. 494, 117 La. 204, it was held by this court that—

"In a partition of the separate estate of the deceased father, the accounts to be settled are those between the heirs and his succession, and claims of the heirs against the mother or against each other individually are foreign to the issue."

"A claim for money by one co-owner against another, in which all the co-owners are not concerned, cannot be injected into the action for partition, not being incidental thereto, being an issue in which the plaintiff here has no concern, and not germane to the issue." City of Baltimore v. City of New Orleans, 12 So. 878, 45 La. Ann. 526.

[5] It is clear that all of the co-owners are not concerned in the claim of the defendant against plaintiffs for support during minority, and that the claim for taxes paid on the property is against each co-owner individually, and is irrelevant to the issue as to whether plaintiffs are co-owners, and are unwilling to hold the property in common any longer, and as to its divisibility in kind vel non.

[6] The mortgage existing in favor of defendant against his co-owner was properly transferred to the proceeds of the sale by the judgment in this case, as the partition has been made by licitation. R. C. C. art. 1338; Succession of Viard, 30 So. 246, 106 La. 73; Morris v. Lalaurie, 1 So. 659, 39 La. Ann. 47.

Defendant must be relegated to an ordinary action to assert the demands contained in his reconvention as to these matters.

### Plea of Estoppel.

[7] Defendant is now clearly estopped from denying plaintiffs' ownership and interest in the property sought to be partitioned, by the judicial admissions made by him in his answer, filed in the Succession of Mrs. C. A. McCranie, and from questioning the ownership and interest claimed by plaintiffs in that proceeding.

"It is a well-settled rule in the administration of justice that a person will not be permitted to deny what he has solemnly acknowledged in a judicial proceeding. The only means of courts to protect the integrity of judicial proceedings are the sanctity which the law throws around them." Mohawk Oil Co. et al. v. Layne et al., 86 So. 322, 147 La. 895; Gaudet v. Gauthreaux, 3 So. 645, 40 La. Ann. 187; Folger v. Palmer, 35 La. Ann. 743; Gilmer v. O'Neal, 32 La. Ann. 979; Durham v. Williams, 32 La. Ann. 962.

[8] The estoppel in this case, however, must be restricted in its effect to the particular property sought to be partitioned in this case, as it is the only property alleged in the petition to place the heirs in possession to belong to the successions of George W. McCranie, who died April 8, 1895, and of Mrs. Charlotte A. McCranie, who died February 27, 1921, and who was the surviving widow in community of George W. McCranie, deceased.

#### Plea of Res Adjudicata.

Mrs. Olive McCranie Prichard, mother of the plaintiffs in this case, had not acquired, before being placed in possession of this particular property in the Succession of Mrs. Charlotte A. McCranie, any interest in the same, through the simulated contracts of either her deceased father or of her deceased mother. Her interest in said property was based solely upon inheritance. The donation to her from G. W. McCranie, of date February 9, 1893, and the acts of sale to her from Mrs. Charlotte A. McCranie, of date August 16, 1891, and of date February 9, 1893, assailed as simulations in this case by defendant in his reconventional demand, and for which collation is demanded, formed no part of the succession property described in the petition filed in the Succession of Mrs. Charlotte A. McCranie, to cause the heirs to be placed in possession, and forms no part of the property sought to be partitioned here.

[9] Therefore we do not well see how the judgment putting the heirs in possession in the Succession of Mrs. Charlotte A. McCranie, rendered upon the judicial admissions of defendant in that case as to the heirship and interests of the respective heirs in a particular piece of property belonging to her succession, can be declared decisive in the present partition suit as to the interests of Mrs. Olive McCranie Prichard in entirely different properties held by her under acts of donation and sale executed during the lifetime of her father, George W. McCranie, and of her mother Mrs. Charlotte A. McCranie.

Necessarily, the judicial admissions defendant made in the succession proceeding must be restricted to the property then involved and particularly described in the petition to place the heirs in possession.

No issue as to the ownership of any other property was involved in the succession proceeding.

It is not at all inconsistent for an heir to judicially admit the interest of another heir in a particular piece of property belonging to a succession, and afterwards to claim that, as to other property acquired by the same heir by sale or donation prior to the opening of the succession, there should be an accounting, because acquired through the simulated contracts of the ancestor.

The plea of res adjudicata is therefore overruled, and, as defendant cannot demand collations in the present partition suit between ordinary co-owners, the reconventional demand was properly stricken out, under the motion to strike out filed in this case. The right, however, is reserved to defendant to demand the nullity of the donation and sales attacked in his reconvention, and to assert his other claims made therein in proper proceedings.

Judgment affirmed.