**CARAWAY v. HEBERT.***

No. 1863.

Court of Appeal of Louisiana. First Circuit.

June 14, 1938.

Chappuis & Chappuis, of Crowley, for appellant.

Modisette & Adams, of Jennings, for appellee.

OTT, Judge.

This case comes up on an agreed statement of facts. Eugene Houssiere died in 1924, leaving a surviving widow and ten children as his heirs. He left several tracts of land situated in the parishes of Jefferson Davis, Acadia and Vermilion, together with considerable movable property. Among the assets of the succession was a five acre tract of land in the Town of Jennings known as the "Home Place". This tract of land is in the form of a square and faces the Old Spanish Trail Highway, and a residence is located on the Southeast portion of the five acre tract.

Two of the heirs transferred their undivided interest in this five acre tract to the widow, and subsequently a judgment was rendered in the succession sending the widow and heirs in possession of the succession property situated in Jefferson Davis Parish, and separate judgments were rendered sending the heirs in possession of the immovable property located in the other two parishes. The proportion of ownership in the five acre tract was stated in the judgment as an undivided 12/20th to the surviving widow, and a 1/20th undivided interest to the eight heirs who had not transferred their interest to the widow.

In 1929, one of the eight children and heirs died, and his undivided interest in this five acre tract was purchased by the widow at sheriff sale. This five acre tract was then owned in indivision by the widow and seven heirs in the proportion of 13/20th to the widow and 1/20th each to the seven heirs. The widow was given a life usufruct in this five acre tract with the residence situated thereon by the will of the deceased, and this usufruct was recognized in the judgment sending the heirs in possession.

In 1937, the plaintiff herein, one of the heirs, purchased from the widow and five other heirs all of their undivided interest in and to a strip of land measuring 220 feet east and west by 200 feet north and south located in the southwest corner of the five acre tract, and the widow released and renounced her right of usufruct on this strip of land, but reserved her usufruct on the remainder of the five acre tract. The plaintiff thus became the owner

of an undivided $19/20$th of this strip of land carved out of the five acre tract, and the defendant, as the only other heir, remained the owner of an undivided $1/20$th interest therein. The remainder of the five acre tract was owned by the widow and seven heirs in the proportion of $13/20$th to the widow and an undivided $1/20$th to each of said heirs, subject to the usufruct of the widow.

Plaintiff brought this suit against the defendant for a partition of this strip carved out of the southwest corner of the five acre tract, alleging that she had offered to purchase the interest of the defendant therein and had used every reasonable means to bring about an amicable partition of this strip of land, but that defendant refused to consider any reasonable proposition. As a part of the agreed statement of facts, it is admitted that this strip of land sought to be partitioned cannot be conveniently divided in kind without loss, and without serious diminution in value.

The crux of the case is presented in the following allegation of the defendant's answer:

"That the plaintiff herein is without right in law to demand, as she does in this action, a partition of a part only of the residence and 'Home Place' of five acres, more or less, leaving the rest undivided; and respondent objects to any such partial partition."

The trial judge rendered judgment recognizing plaintiff and defendant to be the owners of the said strip of land in the proportion of an undivided $19/20$th to the plaintiff and an undivided $1/20$th to the defendant, and decreeing a partition of said strip of land by licitation. The defendant has appealed.

The succession of Eugene Houssiere was closed, and the heirs were sent into possession of the property by a judgment of court. The five acre tract, as well as the other property of the succession, was thereafter held by the heirs as ordinary co-owners, and a partition of the property held by any or all of the heirs in common would not involve the partition of a succession, but would be governed by the rules and procedure applicable to the partition of property held by ordinary co-owners. Medicis et al. v. Medicis, 155 La. 171, 99 So. 27; Prichard et al. v. McCranie et al., 160 La. 605, 107 So. 461; Mitcham et al. v. Mitcham et al., 186 La. 641, 173 So. 132.

Where the succession has not been closed, and a partition of the succession property is sought by one or more of the heirs, all of the succession property must be brought into the partition proceedings, as the succession property, however separate in nature and different in location, is considered as a unit, and the court having jurisdiction of the succession has jurisdiction of the partition proceeding. C.P. art. 164; Maguire v. Fluker, 112 La. 76, 36 So. 231.

Learned counsel for plaintiff contend that the Maguire-Fluker Case, supra, is no longer the law, being in conflict with subsequent decisions of the Supreme Court. But the only conflict that we find in that case with more recent cases is on the point wherein the court held in that case that the action of partition was one involving property belonging to a succession, even though the heirs had been sent into possession by a judgment of court. It does appear that that part of the decision is in conflict with many other decisions of the Supreme Court, some of which we have cited above, which hold that after the heirs are sent into possession by a judgment of court they hold the property of the succession as ordinary co-owners.

We must therefore hold in this case that the strip of land held by plaintiff and defendant as co-owners and sought to be partitioned herein, as well as the remainder of the five acre tract held by plaintiff and defendant in common with the other original co-owners, is held in indivision by them as ordinary co-owners, and the property no longer bears the status of succession property. This being true, the Maguire-Fluker Case which holds, correctly as we believe, that all of the succession property must be partitioned in its entirety and not by piece-meal, is not directly applicable to the present case where the co-owners hold in common as ordinary co-proprietors, unless the same rule is to be applied in the partition of property so held in common as applies to succession property.

The question presented for decision in this case is whether or not one entire and integral tract of land originally held in common by ordinary co-owners can be partitioned at the suit of one co-owner in separate and distinct parts where, by transfers among some of the co-owners, the ownership of the separate and distinct part of the tract has been changed so as to

eliminate any right or ownership of the other co-owners in the separate and distinct tract, other than the defendant against whom the action is brought. We are cited to no cases in this state directly in point, nor have we been able to find any.

The case of Ware et al. v. Vignes et als., 35 La.Ann. 288, cited and relied on largely by counsel for defendant in support of their contention that the entire five acre tract must be included in the action, is not directly in point, even though the second paragraph of the syllabus would seem to support the contention of the defendant. This part of the syllabus reads as follows:

"An undivided portion of a larger and undivided tract of land cannot be legally partitioned among the owners thereof."

But a reading of the case shows that the real point decided in that case was that, as the effort to divide the original three arpent tract into two parts was illegal for the failure to divest the interest of two sets of minors, the south half of the tract could not be partitioned without making the co-owners of the entire tract parties to the suit.

There are at least two very cogent and forceful reasons why a co-owner of a tract of land should not be permitted to buy out the interest of other co-owners in only a part of the tract, and then force a partition of this part against the remaining co-owner or co-owners, without a partition of the entire tract, originally held in common, and over the objection of the other co-owner or co-owners. In the first place, by so doing, one co-owner, or one group of co-owners, could thus buy up the interests of other co-owners in some specific part of the original tract and subject the other co-owner or co-owners to numberless suits for partition, thereby causing the remaining co-owner or co-owners unnecessary expense and annoyance, as well as giving rise to needless confusion and protracted litigation.

And in the second place, the segregation of the larger tract into smaller and perhaps less desirable tracts would deprive the remaining co-owners in many instances of their right to have the property divided in kind, a right held of great value under our law, as it is obvious that the larger and original tract would be much more susceptible of division in kind than a smaller tract segregated from the original tract at the will and caprice of the co-owner

seeking such a segregation and partition. Such a situation appears possible, if not probable, in the case now before us. While it is admitted that the 200 by 220 foot strip carved out of the five acre tract cannot be conveniently divided in kind without loss and diminution in value. it is not admitted that the entire five acre tract could not be conveniently divided in kind.

We are not unmindful of the fact that no one can be compelled to hold property with another, unless the contrary has been agreed upon; that any one has a right to demand the division of a thing held in common, by the action of partition. C.C. art. 1289. However, the thing here referred to has reference to the property as it was when the co-ownership came into existence. While a co-owner has a right to sell his interest in the whole or only a part of the entire thing, he sells that interest subject to the rights of the other co-owners, whose rights came into existence when the thing was acquired in common ownership.

The defendant in this case still has an undivided interest in the entire original five acre tract which interest came into existence at the same time as the interest of the other co-owners when the ownership was acquired. The subsequent transfers by the other co-owners of their interests, inter sese, could not deprive the defendant of her final right to have the whole thing partitioned in one proceeding and in its entirety with all the interested parties before the court.

The change in the proportions of ownership in the entire tract or any part of it by these transfers did not affect her original rights in the thing as a whole which was held in common.

Where the property originally held in common is within the jurisdiction of the court, all the property must be included in the action for partition if a co-owner insists that it be included. In the common law jurisdictions, with few exceptions, this is the rule, as will appear from the following extract taken from Ruling Case Law, Vol. 20, page 732, paragraph 14:

"* * * The established rule is that a suit for partition should include all the lands of the original cotenancy, and if it does not, any party, whether his interest extends through all such lands or is restricted to some specific part, may insist that the omitted land or lands be included

in the suit, and that all persons be made parties whose presence is necessary to a partition with such lands included. Where two or more persons become cotenants either of a single or of several distinct tracts of land, each of them is entitled to partition of all their common property, within the jurisdiction of the court, by a single proceeding, and cannot be deprived of this right by any act or conveyance of any of his cotenants."

The same rule is expressed in slightly different language in Corpus Juris, Vol. 47, page 332, paragraph 155, as follows:

"Subject to some exceptions the general rule is well settled that a cotenant cannot enforce a partition of a part only of the property held in cotenancy, leaving the rest undivided, but the entire property must be included in the proceedings for partition. And when only a part of the lands is described in the petition, any defendant may insist that the omitted land be embraced in the suit and in the order for partition, and that all persons be made parties thereto whose presence is necessary to the proceedings."

Nor can any transfers by the co-owners affect this right, as will be seen from the following quotation from Corpus Juris, Vol. 47, page 333, paragraph 160:

"Although there is some authority to the contrary, the well settled rule is that, where one cotenant conveys his interest in the land held in common if the other cotenant desires partition, he not only may but must include all the land held in common in his petition for partition; he will not be permitted to enforce partition of the part conveyed against the grantee of his cotenant leaving the rest of the estate unpartitioned; but, nevertheless, the partition will be made in such a way as to protect, as far as possible, the interests of the grantee in the part of the land conveyed to him. Conversely, the grantee under a deed from one of the cotenants purporting to convey a part of the tract held in common cannot maintain a suit in partition embracing only the part conveyed to him, constituting, as this does, a well recognized exception to the general rule above stated, and the reason for this exception is based on the universally accepted doctrine that one cotenant cannot, by conveyance of his interest in a portion of the property held in common, prejudice the rights of his cotenants, and that for all purposes of partition, the whole property originally held in common by the cotenants, whether consisting of one or any number of parcels, continues to be a unit—the subject matter of a single action, just as if no change in the ownership of any interest therein had occurred; and in such action, the respective rights of all parties interested, original cotenants, and successors, may be determined."

■ The contention is made in this case that the purchase by the plaintiff of the interest of all the co-owners, except that of the defendant, in the strip of land herein sought to be partitioned, and the release by the widow of her usufruct thereon, has created two entirely separate and distinct estates or tracts with different owners—plaintiff and defendant owning this strip in common, free from any usufruct of the widow, and plaintiff and defendant owning in common with the other five heirs and the widow the remainder of the five acre tract, which is still subject to the widow's usufruct. But, as already stated, it is not shown that the five acre tract cannot be divided in kind. If it can be divided in kind among the co-owners in accordance with their respective ownerships, the fact that the widow has a usufruct on part or all of the tract would not prevent a partition thereof, subject to the usufruct. Kaffie et al. v. Wilson et al., 130 La. 350, 57 So. 1001.

Before plaintiff could force defendant to a partition of this separate strip of land apart from the original five acre tract, she would at least have to show that it is impossible and impractical to partition the five acre tract in kind among the co-owners after all parties in interest have been brought before the court.

For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby reversed, avoided and annulled, and it is now ordered that the suit of the plaintiff be dismissed at her cost in both courts.