McCALEB, J.,
concurring.
It cannot be doubted that, upon dissolution of the community between Allen and his wife by the judgment of divorce rendered in the Civil District Court, the spouses became co-owners in indivisión of the common property. Giglio v. Giglio, 159 La. 46, 105 So. 95; Tomme v. Tomme, 174 La. 123, 139 So. 901 and Rhodes v. Rhodes, 190 La. 370, 182 So. 541. Therefore, inasmuch as ownership-, rather than possession,, is the basis for the action of partition, Civil Code, Article 1320, either party had the right to demand a partition of the community effects and, in an ordinary case of partition of real property, venue of the suit, would be in the forum where the land was-situated. Article 165, paragraph 1, Code of Practice and Article 1290 of the -Civil Code..
However, the issue in this case is not whether the district court in Plaquemines. Parish would have jurisdiction o-f a suit, for a partition of community real estate situated there. Rather, the question is -whether the -Civil District -Court, by virtue of the petition filed therein by Allen for a. partition of all of the community effects, became vested with plenary power over not only the movable effects but also the realty-wherever situated in this State. If the Civil District Court acquired jurisdiction, the court in Plaquemines P-arish is without, jurisdiction under the well-settled rule that “when two courts have concurrent jurisdiction over the same subject matter, the court which first obtains jurisdiction and possession of the res retains it to the end of the controversy to the exclusion of all others”. State ex rel. Terry v. Nugent, 212 La. 382, 31 So.2d 834, 836; Geilinger and Blum v. Philippi, 133 U.S. 246, 247, 10 S.Ct. 266, 33 L.Ed. 614; Lake Bisteneau *622 Lumber Co. v. Mimms, 49 La.Ann. 1283, 22 So. 730 and cases there cited.
The contention of respondent, therefore, in opposing perpetuation of the alternative writs issued herein, is and necessarily must “be that, although the Civil District Court acquired jurisdiction to^ partition all movable effects, it could not have jurisdiction to partition immovable property situated outside of Orleans Parish for the reason that, under Paragraph 1 of Article 165 of the ■Code of Practice and Article 1290 of the ■Civil Code, jurisdiction over a partition of real estate is exclusive in the court of the •situs of the property.
I believe this argument to be ttnsound. Initially, it is unthinkable that the framers •of Articles 165 of the ’Code of Practice and 1290 of the Civil Code intended that the provisions of those articles were applicable in cases where a community estate was to be settled and that the court having jurisdiction of the parties and the matrimonial domicile would be deprived of the right to partition all of the community assets wherever situated.
The Civil Code, in dealing with the incidental proceedings to which a suit for separation or divorce may give occasion, makes provision for custody of children, alimony, inventory of the community property and injunction against the husband, restraining him from disposing of any part thereof. See Articles 146 through 151. And Article 155 declares that the separation from bed and board carries with it a ' separation of goods and effects. Accordingly, the liquidation and settlement of community property and definitive partition thereof, in matters (like this) where it is demanded, is essentially a concomitant of the tribunal having jurisdiction of the divorce proceedings.
Counsel for respondent, mistakenly, I think, would place this case in the same category with suits .involving a partition of property between co-heirs who have been put in possession of a succession. In those matters, it has been held that, since the succession is closed by the judgment of possession, an action for a partition must be brought at the situs of the property, as in ordinary suits. See Medicis v. Medicis, 155 La. 171, 99 So. 27; Prichard v. McCranie, 160 La. 605, 107 So. 461; Mitcham v. Mitcham, 186 La. 641, 173 So. 132; Caraway v. Hebert, La.App., 182 So. 164 and Doll v. Doll, 206 La. 550, 19 So.2d 249. Those cases might be applicable in divorce matters where the court, after pronouncing the' divorce and dissolution of the community, is not requested to settle and partition the community estate. But where, as here, there is a partition demanded, the court granting the divorce retains jurisdiction for the final settlement and definitive partition of all community property.
I respectfully concur in the decree.