YARRUT, Judge.
Plaintiffs-appellees move to dismiss defendant-appellant’s suspensive appeal, contending that the appealed order is interlocutory and not appealable. The order appealed was the refusal of the trial judge to suspend the further prosecution of this partition suit until defendant’s pending suit against her father, for an accounting of rents and revenues, is finally adjudicated. As disclosed by the record, we find:
This action is for a partition by licitation. Plaintiffs are father and son. Defendant is the married daughter and sister of plaintiffs, respectively, all being co-owners in indivisión of fo.ur immovables, in the proportion of one-half to the father, and one-fourth each to the son and daughter. Upon the death of the father’s wife, mother of the others, they were recognized as her surviving spouse in community, and children and sole heirs, and put in possession, as such, by final judgment in proper succession proceedings.
All parties concede they are co-owners in the proportions stated, and that the im-movables can only be partitioned by licitation.
The other suit, which appellant has pending in the same trial court against her father, is for an accounting of revenues he collected from the properties after the loss of his usufruct resulting from his re-marriage. Appellant contends the prosecution of this partition suit should be suspended until her accounting suit against her father is settled. Her brother is not *712 a party to the accounting suit. To the contrary, he has joined their father as plaintiff in this partition suit against her.
Appellant’s position is clearly stated in her motion for a suspensive appeal in the following words:
“That the rule'of this Court, by its refusal to halt the present action for the partition of the succession of mover’s mother until a decision is rendered in the action previously brought and now pending between the parties for an accounting of mover’s claim growing out of the father’s ges-tión of the interest and inheritance of mover in the very property to be partitioned, will certainly operate to deprive mover of the right granted to her by law in the succession of her mother, to use the credit and claim to which she will certainly be entitled in her said suit for an acounting, as either the whole or a part of the purchase price of any property or properties she may wish to acquire at the partition sale to be held in the present case,—the whole as permitted, authorized and directed by the Revised Civil Code of Louisiana, Articles 1343 and 2625 [LSA-C.C.]."
There is no question that an appeal noes not lie from an interlocutory order unless irreparable injury will result in the deprivation of a legal right or remedy. C.P. art. 566 (now art. 2083 of Code of Civil Procedure).
Appellant has no legal right to suspend this partition suit to await the outcome of her accounting suit against her father, for the reasons:
LSA-Civil Code arts. 1343 and 2625 do provide that an heir may purchase at a partition sale of succession property to the amount of his proportion, but is not obliged to pay the purchase money until a liquidation is had to ascertain the balance there is in his favor or against him. The parties here are not co-heirs seeking the partition of succession property. No question of collation or debts due to or from the succession can arise; hence, there is no balance for or against any one of them in their capacity as co-heirs. Having been put in possession by judgment of court as surviving spouse in community and heirs at law of their deceased wife and mother, respectively, they now appear in the capacity of co-owners, not as co-heirs. Prichard v. McCranie, 160 La. 605, 107 So. 461; Fabacher v. Fabacher,, 214 La. 940, 39 So.2d 426; Doll v. Doll, 206 La. 550, 19 So.2d 249; LSA-C.C. art. 1242.
The claim for money by one co-owner against another, in which all the co-owners are not concerned, cannot be considered in an action for partition. Mitcham v. Mitcham, 186 La. 641, 173 So. 132.
As stated above, demand for an accounting by defendant-appellant against her father is not joined in by her brother, who, on the contrary, has joined his father against her in this partition proceeding.
Neither right nor remedy of appellant in this partition suit, or the accounting suit, is dependent upon the other. She has merely been denied an extra-legal means of financing her possible purchase at the partition sale. Appellant has an adequate remedy by appeal from the final judgment in either or both ’ proceedings. Her sus-pensive appeal from the interlocutory order refusing to suspend this partition suit, until settlement of the accounting suit, must be dismissed at her cost; and it is so ordered.
Appeal dismissed.