LAND, J.
 

 The six plaintiffs and the defendant each own an undivided one-seventh interest in lot II, with improvements thereon, situated in square 467 in the Fourth municipal district of the city of New Orleans.
 

 The defendant, as universal legatee, received her interest in this property as a bequest from Shadrick Brazile, her late husband, a deceased brother of plaintiffs, who acquired with him their interests from their deceased mother, Mrs. Emmaline Espy Brazile. Decedent purchased this property with her paraphernal funds, and died intestate after her husband, Abraham Brazile, who also died intestate and without leaving any estate.
 

 In the present suit plaintiffs seek to have this property partitioned by lieitation, and to recover rents from defendant for the occupancy by herself and her late husband since the death of his mother, and by defendant since the death of her husband, of one-half of a double house on this property, at
 
 *78
 
 a rental of $30 per month, from August 2, 1921, the date of the death of the mother.
 

 The petitioner Matilda D. Brazile also claims that she has paid taxes and insurance on the property to the amount of $380, since the death of her mother, August 2, 1921, and prays that she be reimbursed this sum out of the proceeds of the sale of the property before any division is made.
 

 Defendant also claims in reconvention the sum of $1,373.82 for improvements, additions, and alterations, made by her late husband in connection with the double house on the property ; the defendant being the only testamentary heir to the entire estate of her husband.
 

 The judgment of the lower court recognized the claim of Matilda D. Brazile for $3S0 as a valid claim against the estate of her mother, and ordered the same paid out of the mass as provided by law. This claim is clearly established by the evidence in the record.
 

 The claims of plaintiffs for rent against defendant, as well as the reconventional demand of defendant for improvements against plaintiffs, were rejected, and the costs of the proceedings were charged against the mass.
 

 The double house in question is an old eight-room house, and was built out of second-hand lumber in the year 1913, after the mother of plaintiffs had bought the lot.
 

 The improvements were made in 1925, and consisted of repair to roof, changing front to bungalow type, putting in bathtubs, plastering walls to some extent, wiring house for electricity, and a small paint job. These improvements were of a cheap character.
 

 The double house, when built originally in 1913, cost only $1,200. The cost of the improvements is estimated at $500 by Sol Brazile, one of the plaintiffs, who worked on the house as carpenter. Grant Green, another carpenter, who did not work on the house but who is an experienced builder, made an estimate between $400 and $500 as the cost of these improvements.
 

 Three of the plaintiffs, Matilda, Louise, and Laura Brazile, occupied one-half of the double house from the date of their mother’s death in 1921 to the date of this suit, June 11, 1928.
 

 Shadriek Brazile and his first wife occupied one-half of the double house from the death of his mother in 1921 until April 10, 1925, when his wife died. In December, 1925, Shadriek Brazile married the defendant, and they continued to reside in one-half of the double house until the death of defendant’s husband in April, 1929. Shortly thereafter defendant vacated the premises. .
 

 The evidence convinces us that the three sisters of Shadriek Brazile assisted him in paying their part, if not allj of the bills incurred in the improvement of these premises. Shadriek also contributed his labor in working on the house.
 

 In our opinion, the circumstances of the case clearly show that it was never intended by any of these parties that either should be charged for rent or improvements, as they all enjoyed in common the use of the old home inherited by them from their mother, and as each contributed jointly in sharing the expense of improving the property.
 

 Judgment affirmed.