PONDER, Justice.
 

 This is a suit for partition of land by licitation and settlement of claims and account.
 

 Plaintiffs — Edward E. Miller, I. Ben Miller, Ellis H. Miller, and Louis N. Miller — allege that they own in indivisión 420.5 acres of land with the defendant Mrs. Eva I. Murphy, née Miller, their sister ; that they acquired the land from their deceased father Adám A. Miller, their deceased mother Elizabeth C. Miller, and their deceased brother Jacob B. Miller; that they were duly sent into possession by judgment of court; that their sister Mrs. Eva I. Murphy has lived on and occupied the house and land with improvements thereon prior to and since the death of their father on December 24, 1920; that defendant promised to keep the house and place in good repair and to pay the taxes; that she failed to pay the taxes for the years 1921, 1931, 1932, and 1933; that E. E. Miller paid the taxes for the years 1921 and 1931 in the amounts of $117.17 and $124.68, respectively; that I. Ben Miller paid the taxes for 1932 in the amount $101.19; that the taxes for 1933 are now due and unpaid; that plaintiffs do not desire to hold the property in indivisión; that the property cannot be divided in kind; and that it is necessary to sell it to effect a partition; that the defendant owes plaintiffs the sum of $332.-36 as her ■ part of the amount expended by plaintiffs in the succession of their deceased brother, Jacob B. Miller; and that their sister, the defendant, was mentally unbalanced, and asked for the appointment of a curator ad hoc upon whom service should be made and that she be personally cited.
 

 Plaintiffs pray in their petition that an attorney at law be appointed curator ad hoc to represent the defendant; for judgment for the sale of the property and partition and division of same; that the alleged accounts and claims be settled; that the account due by the defendant be deducted from her share; that the court fix the shares of the co-owners; and if deemed necessary that the court appoint experts to value and appraise the property and to report to the court whether it is practical to make a division in kind of the property.
 

 
 *233
 
 • The defendant filed an exception of no cause of action based on the following grounds, viz.: (1) That the expense of the Jacob B. Miller estate cannot be collected in a suit for the partition of this property; (2) that the taxes claimed is a community debt and defendant’s property cannot be held for same; , (3) that there is an accumulation of demands; (4) that articles 3 and 4 of plaintiffs’ petition should be stricken out for the above reasons.
 

 The exception of no cause of action was overruled by the court.
 

 Defendant’s answer is in effect a general denial, except that she admits living on the property, but denies any agreement to pay the taxes. The defendant prays for rejection of plaintiffs’ demand and in the alternative that if partition by licitation is had, she be allowed $450 for the improvements placed on the property by her.
 

 Since the filing of this suit and prior to the trial herein one of the plaintiffs, I. Ben Miller died, and defendant died; that their heirs were made parties to the suit; and that another of the plaintiffs, Ellis H. Miller, was interdicted and a curator ad hoc was appointed to represent him.
 

 Defendant filed a plea of prescription on the following grounds, viz.: (1) That the money judgment sought herein is barred by the prescription of one, three, five, and ten years; (2) that since the opening of the two successions more than one, three, and five years have elapsed and the claim for ■ the money advanced or paid is barred.
 

 The court referred the plea of prescription to the merits. After trial of the case, the court rendered judgment ordering the sale of the property; that a commission issue to the clerk of court or some notary public to be assisted by two experts to appraise the property; that the property be sold subject to the appraisment according to law; that the proceeds be divided between the plaintiffs and defendants after deducting $44.18 to pay an account due J. B. Miller estate; that E. E. Miller have judgment against defendants in the amount $347.18 for taxes advanced; that the heirs and estate of I. Ben Miller have judgment against defendants for $101.19; that after the payment of costs and above amounts set forth that the balance of the proceeds be divided in the share and proportion of each; and that the demand for $332.36 be rejected as of nonsuit.
 

 The defendant appealed from the judgment to this Court.
 

 Taking up the exception of no cause of action, we find that it was decided in the case of Succession of Glancy, 108 La. 414, 32 So. 356, that under Rev.Civ.Code, art. 1289, any one has the right to demand the division of property held in common, and defendant must set up any objections thereto, either by answer or by some exception other than an exception of no cause of action. However that may be, the
 
 *235
 
 same contention raised in the exception of no cause of action was raised in the plea of prescription and the disposition of the plea of prescription would dispose of the exception of no cause of action.
 

 Defendants’ first contention in I heir plea of prescription, that the claim of $336.32, representing defendants’ pro rata share of the debts of the Succession of Jacob B. Miller, had prescribed, is not presented- to us for determination for the reason, viz., that the lower court in its judgment rejected this claim and the plaintiff did not appeal therefrom or answer defendants’ appeal herein. In fact, the plaintiffs herein are urging this court to affirm the judgment of the lower court. The relief sought by the plea of prescription on this ground has already been granted.
 

 This eliminates all the claims for money advanced except the claim for taxes and the claim for $44.18. There has been no contention that the allowance of the $44.18 was erroneous, which -now leaves only the question of the taxes advanced. The taxes advanced were for the common benefit of the co-owners, therefore were incidental to the partition. The leading case on this subject which has been cited and affirmed numerous times by this court is the case of King’s Widow & Heirs v. Wartelle, 14 La.Ann. 740, which held: “When the action is one for partition of property, and the liquidation of partnership affairs, the settlement of the accounts being an incident to the partition, the prescription of thirty years only is applicable.” We are therefore of the opinion that the prescription of one, three, five, and ten years is not applicable herein.
 

 A claim for taxes advanced to the common benefit of the. co-owners in a partition suit is not an accumulation of actions. It is incidental to the partition. King’s Widow & Heirs v. Wartelle, supra; Brazile v. Valentine, 172 La. 75, 133 So. 368.
 

 Upon consideration of defendants’ contention that partition should not be had by licitation on account of the mental condition of the defendant, we find that this court held in the case of Sallier v. Rosteet, 108 La. 378, 32 So. 383, “parties who own property in common with an insane person [or minor] have the absolute right to put an end to the indivisión.” Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652.
 

 Defendants contend that the court was in error in ordering the partition by sale without appointing experts to examine the property and report whether or not it could be, divided in kind, as prayed for in plaintiffs’ petition. An examination of the record discloses that no such experts were appointed, but on the trial of the case two of the plaintiffs testified that the property could not be divided in kind, which testimony was supported by another witness, a relative of the family but not an heir to the property.
 

 A partition herein in kind would be more impractical at the time of the trial for the reason that more heirs were made
 
 *237
 
 party to the suit on account of the death of two of the litigants.
 

 The judgment of the court ordered a commission to issue to the clerk of court or some notary public to be assisted by two experts appointed by the court to appraise the property and that the sale be made subject to the appraisement.
 

 We find in the case of Pritchard v. McCraney, 160 La. 605, 107 So. 461, this court held that where heirs were sent into possession b,y judgment of court the succession ceased and the heirs became co-owners, and that a suit for partition after they became co-owners is an ordinary partition suit between co-owners (citing authorities therein).
 

 Defendants contend that it is essential, that experts be appointed by the court to examine the property and report whether or not it could be divided in kind, to a partition suit. This court held in the case of Mackin v. Wilds, 106 La. 1, 6, 30 So. 257, 259, “before ordering a sale of property held in common by minors with majors, the court must be satisfied, either by the report of experts or by satisfactory evidence, that the property cannot be divided in kind,” citing therein Succession of Dumestre, 40 La.Ann. 571, 575, 4 So. 328.
 

 After a careful examination of the proceedings and evidence herein, we are of the opinion that the judgment of the lower court was correct.
 

 It is therefore ordered, adjudged, and decreed that the judgment of the lower court be and it is hereby affirmed. The defendants to pay all costs.