200 So. 815

**JOYNER v. WILLIAMS.**
No. 34897.

Feb. 3, 1941.

Rehearing Denied March 3, 1941.

John G. Gibbs, of Natchitoches, and W. D. Goff, of Arcadia, for plaintiff-appellee.

Russell E. Gahagan, of Natchitoches,. for defendant-appellant.

HIGGINS, Justice.

Due to the fact that the record in this. case was lost in the district court, the· plaintiff instituted judicial proceedings contradictorily with the defendant to have the· pleadings as well as the itemized statement of the account, which had been filed of record by the defendant, re-established.

It now appears that the plaintiff filed suit· against the defendant, his copartner, for an accounting and liquidation of a particular partnership entered into by them with: J. E. Harding, whose one-third interest. therein had been purchased by the defendant who had assumed the obligations due by Harding to the partnership and: agreed to pay all such debts in consideration of his receiving all further benefits. and payments that Harding would have· been entitled to as a partner. It was also· alleged that the defendant was the active· managing partner and handled all of the· receipts and disbursements in connection: with the contracts owned by the partnership for the construction of several miles of public roads for the Police Jury of Winn Parish; that the roads or projects had been completed before the suit was filed;. that the defendant had not rendered an account; and that the plaintiff was entitled to one-third of the profits realized from the undertaking. The plaintiff asked.

for a writ of subpoena duces tecum to compel the defendant to file an itemized statement of the account.

The defendant answered admitting the existence of the partnership between the three parties and the purchase of Harding's interest in October 1924, and that he was the manager of the partnership and had received the collections and made the disbursements of all funds. He denied that the partnership had made any profit and averred that it had sustained a loss and, in reconvention, asked for judgment against the plaintiff in the sum of $100. In response to the subpoena duces tecum, he filed his books and an itemized statement of the account requested.

The contracts with the Police Jury of Winn Parish were entered into in March 1923 and the partnership was formed a short time thereafter. Each partner furnished his teams of mules in connection with the work and certain other portions thereof had been subcontracted. The project was finished in the latter part of October or the early part of November 1924. The contract provided that the Police Jury was to retain 20% of the estimates until final approval of the work by its engineer. This suit was filed on May 1, 1929 and Judge John F. Stephens, who had started the case as the regular judge of the Tenth Judicial District Court after his term had expired, was appointed as a special judge to complete the case. Subsequent to hearing the evidence, but before he could decide the case, the record was lost. In 1933, the record was re-established in a proceeding before Judge Stephens, with the exception

that he reserved both parties the right to offer additional evidence with reference to the correctness or incorrectness of the copy of the itemized statement. After the death of Judge Stephens, Honorable M. L. Dismukes was appointed as special judge on January 30, 1937. On February 10, 1937, defendant's attorney filed an exception of no cause of action and on July 31, 1937, the special judge overruled the exception and rendered judgment in favor of the plaintiff and against the defendant in the sum of $2,791.52.

Defendant filed a motion for a new trial, which was overruled, but the judgment was reduced by the sum of $250, without, apparently, a formal decree being rendered in that respect. Defendant appealed.

▉ Respondent filed pleas of prescription of three and five years against the plaintiff's demands on the ground that the partnership had ended in November 1924 and this suit was not filed until May 1, 1929.

In the case of King's Widow & Heirs v. Wartelle, 14 La.Ann. 740, the court held that an action for an accounting and liquidation of a partnership by one partner against the other was a personal action prescribed by ten years. The plea of prescription herein was, therefore, properly overruled.

The transcript of the testimony taken at the original hearing of this case, before the record was lost, was filed in the district court and it shows that the attorneys for both parties questioned the litigants at length with reference to the itemized statement. In the hearing before Judge Steph-

ens to re-establish the pleadings and the itemized statement, the plaintiff produced a nineteen-page document in the handwriting of his daughter-in-law and she and his former attorney, as well as himself, testified that the young woman had, at plaintiff's direction, copied the itemized statement at the time it was originally filed and that the document was an accurate copy thereof. The defendant testified that the statement was not a correct copy and pointed out certain omissions which would indicate that the original itemized statement itself was not entirely accurate in all respects, as he finally conceded under cross-examination.

The act of sale or assignment of J. E. Harding's interest in the partnership and road contracts to the defendant, dated October 30, 1924, was introduced in evidence by the plaintiff and it shows that the defendant assumed all of Harding's obligations and agreed to pay all of his debts growing out of the contracts, in consideration of receiving all further benefits and payments under these agreements.

According to the itemized statement as reconstructed, as well as defendant's own testimony, J. E. Harding owed the partnership the sum of $6,065.71 for overpayment and there was also due the partnership from the defendant and W. A. Harris, his subcontractor, $1,538.87 for overpayments. In short, these debts were the result of excess advances by the defendant Williams to Harding, Harris and himself. Apparently, the district judge who decided this matter on the merits concluded that the partnership had not lost money and that

as the defendant admitted the above amounts were due the partnership and the plaintiff was entitled to one-third thereof, added these two amounts together and awarded the plaintiff one-third of the total sum, or $2,541.52. He also gave the plaintiff $250 additional representing his one-third interest or share in a judgment that the defendant had obtained against Winn Parish growing out of the contracts, or a total of $2,791.52. On rehearing, he eliminated the item of $250 without actually reducing the decree by that amount.

After reading the record, we are convinced that the plaintiff's daughter-in-law did make an accurate copy of the original itemized statement filed by the defendant. In the defendant's testimony, he admitted the excess advances to Harding, Harris and himself. It taxes our credulity to believe that the partnership lost money when we consider the fact that the defendant handled the entire financial matters of the partnership and nearing the completion of the two roads he purchased Harding's one-third interest in the partnership on October 30, 1924, and assumed his debts and obligations due the partnership growing out of the road contracts. Furthermore, the defendant does not satisfactorily explain what became of the 20% which was withheld by the Police Jury of Winn Parish in accordance with the provisions of the contracts, and the records of the Parish Treasury show that Williams received $60,019.09 in payments from the Police Jury on account of the road contracts.

It is our opinion that the evidence supports the finding of the trial

judge and therefore his conclusions will be affirmed with the exception that we will correct the inadvertence in his decree by reducing his judgment from $2,791.52 to $2,541.52. Richard v. Mouton et al., 109 La. 465, 33 So. 563.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court be and the same is hereby amended by reducing the amount awarded from the sum of $2,791.52 to $2,541.52, and as thus amended, the judgment is affirmed; defendant to pay all costs of court.

O'NIELL, C. J., and LAND, J., take no part.